■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SINATRA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered June 17, 1986, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was deprived of the effective assistance of counsel. Some of the occurrences to which he now objects were matters of unsuccessful trial strategy, in-

cluding counsel's failure to engage the defendant in redirect examination. He further claims that there was "open hostility" between himself and defense counsel which led to a failure of communication. From a review of the record, we find that the defense attorney effectively represented the defendant (see, People v Baldi, 54 NY2d 137). The defendant complains of trial strategies and tactics which will not be second-guessed on appeal (see, People v Mack, 111 AD2d 266). In any event, the defendant has failed to demonstrate that counsel's errors resulted in prejudice or denied him a fair trial (see, People v Lawton, 134 AD2d 454).

The defendant further contends that he was denied his right to a speedy trial. The record clearly establishes that the People announced their readiness for trial on the record within the statutory period, and thus satisfied their obligation under CPL 30.30 (see, People v Josefson, 100 AD2d 630). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.