Benjamin SINATRA, Petitioner,

v.

Wayne BARKLEY, Superintendent, Midstate Correctional Facility; Robert Abrams, Attorney General of the State of New York, and Charles J. Hynes, District Attorney, Kings County, Respondents.

No. 88 CV 1457.

United States District Court,
E.D. New York.

June 27, 1990.

Jerald Rosenthal, Brooklyn, N.Y., for petitioner.

Pamela L. Milgrim, Asst. Dist. Atty. (Charles J. Hynes, Dist. Atty., Kings County), New York City, for respondents.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is denied.

## FACTS

On July 25, 1985, two police officers spotted petitioner leaving a renovated building carrying pipes to a truck parked across the street. It soon became apparent, at least to the officers, that petitioner was stealing the pipes. Petitioner was arrested at the scene. Following a jury trial on June 17, 1986 in New York Supreme Court, Kings County, petitioner was convicted of burglary in the first degree. N.Y.Penal Law § 140.30 (McKinney 1988). He was sentenced as a second felony offender to a term of two and one-half to five years imprisonment. Because the sole issue on federal habeas corpus review is appellate delay in the state system, a cataloguing of dates is inescapable.

On June 18, 1986, petitioner filed a notice of appeal in the Appellate Division. In September 1986, the court appointed Legal Aid as appellate counsel but, because of a conflict of interest, Legal Aid sought to be relieved in December 1986. In March 1987, the court appointed Howard Schwartz as substitute counsel.

Problems with appellate counsel, however, did not end there. While Mr. Schwartz endeavored to prepare an appellate brief for submission, petitioner filed *pro se* letters for information and permission to file an additional brief. Perplexed by *pro se* letters and delays in filing the appellate brief, the Appellate Division wrote to Mr. Schwartz inquiring about the status of petitioner's brief. Receiving no response, the Chief Clerk again wrote to Mr. Schwartz in February 1988. On February 17, 1988, Mr. Schwartz responded that he would file the petitioner's brief by March 17, 1988. After further delays, Mr. Schwartz finally filed a brief on petitioner's behalf on April 19, 1988.

In May of 1988, petitioner again requested permission to file a *pro se* supplemental brief and asked for the scheduled date of his oral argument. The Appellate Division notified petitioner that scheduling depended upon his filing of the *pro se* supplemental brief. On July 7, 1988, the Appellate Division scheduled October 2, 1988, as the due date for petitioner's supplemental brief; the district attorney had until December 21, 1988 to respond. The People filed their brief on that date and oral argument was set for February 1, 1989. The judgment of conviction was unanimously affirmed on March 20, 1989. *People v. Sinatra*, 148 A.D.2d 646, 540 N.Y.S.2d 201 (2d Dep't 1989).

■ The instant petition for habeas corpus was originally filed in May 1988, prior to the completion of petitioner's direct appeal in the state court.[1] At the time of filing, the petition listed seven separate grounds for habeas corpus relief. To accommodate petitioner, this Court granted a request for counsel on the habeas corpus petition on July 20, 1988. Subsequently, counsel for petitioner informed this Court that the sole issue raised by the habeas petition, as amended, was the claim that petitioner was denied his right to a speedy appeal in contravention of due process.

## DISCUSSION

■ Due process does not mandate that a state provide a means to appeal a criminal conviction. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). When a state provides that right, however, it must ensure that it is properly enforced, accommodating all aspects of due process and equal protection. *Griffin*, 351 U.S. at 18, 76 S.Ct. at 590; *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir.1990).

■ Petitioner contends that appellate delay violated his right to due process. I am not the first to observe that appellate

---

1. Ordinarily, a federal court may not consider a petition for habeas corpus unless the petitioner's state remedies have been exhausted. 28 U.S.C. § 2254(b); *see Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Boothe v. Superintendent*, 656 F.2d 27, 31 (2nd Cir.1981).

However, when the petition is based on an allegedly unconstitutional delay in the appellate process, exhaustion is not necessarily a bar to federal review. *Brooks v. Jones*, 875 F.2d 30, 31 (2nd Cir.1989); *Mathis v. Hood*, 851 F.2d 612, 615 (2d Cir.1988).

delay has become a blight on the New York Criminal Justice system. *See Wheeler v. Kelley*, 639 F.Supp. 1374, 1378 (E.D.N.Y.), *aff'd*, 811 F.2d 133 (2nd Cir.1987). Although no bright-line has yet evolved to demark the point at which delay is no longer constitutionally tolerable, the Second Circuit has recently enumerated all the factors that enter the calculus, including: (1) the length of the delay; (2) the reason for the delay; (3) the diligence of petitioner in attempting to perfect his appeal; and (4) the prejudice to petitioner arising from the delay. *Simmons*, 898 F.2d at 868 (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)); *Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989). To those four standard criteria, the Second Circuit has added a fifth factor: whether and how soon the State will decide petitioner's appeal. *Brooks*, 875 F.2d at 32; *Wheeler v. Kelly*, 639 F.Supp. 1374, 1381 (E.D.N.Y.), *aff'd*, 811 F.2d 133 (2d Cir.1987) (federal-state comity is a fifth consideration under *Barker*). Moreover, "[i]n determining whether a delay of a prisoner's appeal violates due process ... no one factor is dispositive and all are to be considered together with the relevant circumstances." *Simmons*, 898 F.2d at 868.

### A. *Length of Delay*

Appellate delay was one of the original grounds set forth in petitioner's May 1988 motion for a writ of habeas corpus. The essential claim was that appointed counsel had failed to submit an appellate brief. The record is now clear that counsel had actually submitted a brief on April 19, 1988. Respondent's Affidavit at 6. In any event, the delay at that point was one year and ten months from the filing of petitioner's notice of appeal.[2]

As already mentioned, further scheduling delays resulted, but these later delays were, in part, to accommodate petitioner's strongly expressed desire to file a *pro se* supplemental brief. When the appeal was finally decided on March 20, 1989, the total time between conviction and appeal was approximately two and one-half years.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. While there is, again, no *per se* rule, precedent in this Circuit would support a conclusion that the delay in this case is not "presumptively prejudicial." *See e.g., Simmons*, 898 F.2d 868 (six years is clearly excessive); *Mathis v. Hood*, 851 F.2d 612, 614 (2d Cir.1988) (six years is "shocking"); *Geames v. Henderson*, 725 F.Supp. 681 (E.D.N.Y.1989) (three and one-half year delay is unconstitutional). This Court concedes that the time lapse between conviction and appeal is certainly substantial—substantial enough to approach "presumptively prejudicial"—and, accordingly, it warrants further inquiry into the other factors. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192.

### B. *Reason for Delay*

In *Simmons*, the principal reason for delay was the state court's failure to supervise its appointed attorneys and to monitor its own calendar. 898 F.2d at 868. Similarly, the *Mathis* defendant had written a number of unanswered letters to a succession of attorneys appointed as appellate counsel. When Mathis requested that the Appellate Division look into the delay, the court clerk simply forwarded the letter to the attorney of record, who was already known to be unresponsive. 851 F.2d at 613.

Here there was no such blatant calendar mismanagement. Each of at least four *pro se* inquiries about submitting a supplemental brief was promptly answered by the Appellate Division, as was each inquiry into the status of assigned counsel. Respondent's Affidavit at 3–5, 8–11. More importantly, the Appellate Division acted to expedite the filing of petitioner's brief. In a

---

**2.** Because of a conflict of interest, approximately ten months elapsed while the issue of appel-   late counsel was resolved.

letter dated November 29, 1987, petitioner inquired into the status of his appeal and why his brief had yet to be filed. Within the next few months, the Appellate Division Clerk pursued the matter through written correspondence with Mr. Schwartz. By early March of 1988, it had become clear that counsel was being less than diligent. In a letter dated March 8, 1988, the Clerk warned counsel that if he did not perfect petitioner's appeal quickly, he would be subject to disciplinary action. On April 19, 1988, counsel filed a brief, perfecting petitioner's appeal.

### C. *Petitioner's Efforts*

Although petitioner cannot be faulted for the initial delay, a substantial amount of the delay between the filing of the brief and the ultimate resolution of the appeal can be attributed to him. Petitioner took nearly four months to file his long requested supplemental brief, knowing that oral argument could be scheduled only after his *pro se* submission. Shortly thereafter, the district attorney responded and the matter was then argued and decided within three months.

The record does not reflect, however, that petitioner was so lax in his attempts to perfect his appeal as to waive his right to challenge appellate delay. *See Wheeler,* 639 F.Supp. at 1380. Therefore, further inquiry into all surrounding circumstances must be pursued. *Id.* at 1378.

### D. *Prejudice to Petitioner*

In assessing any prejudice that may accrue to a petitioner through appellate delay, courts consider factors which are analogous to those used in assessing delays before trial, including: (1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern while awaiting the outcome of the appeal; and (3) undercutting a defendant's grounds for appeal, or his defenses in the case of a retrial. *Geames,* 725 F.Supp. at 686. However, "[i]n a case involving a delay on appeal, these concerns are less likely to prejudice a defendant." *Id.; Wheeler,* 639 F.Supp. at 1380–81 (citing *Cousart v. Ham-*

*mock,* 580 F.Supp. 259 (E.D.N.Y.), *aff'd,* 745 F.2d 776 (2d Cir.1984)).

Reviewing the record in this case, the Court does not find any appreciable prejudice to petitioner, certainly not enough to warrant federal habeas corpus relief. Petitioner makes no claim that the outcome of his appeal was affected by the delay, nor does he allege facts—such as the unavailability of witnesses—to show fatal harm to any available defenses. Additionally, since the judgment of conviction was ultimately affirmed, *People v. Sinatra,* 148 A.D.2d 646, 540 N.Y.S.2d 201 (2d Dep't 1989), this Court cannot deem his period of incarceration oppressive. Prejudice, therefore, could only result from anxiety and concern over the outcome of his appeal, but the record does not support such a conclusion.

### E. *Federal–State Comity*

A final factor in considering appellate delay is how soon the State will decide a pending appeal. Comity commands a presumption that a state will act on an appeal, and that a federal court should stay its hand if it would only hinder the appeal process. *Wheeler,* 639 F.Supp. at 1381. Because the appeal has already been decided, further discussion at this point is unnecessary. *Simmons,* 898 F.2d at 868 (Court found no error in district court's conclusion that "disposition of the appeal while the habeas petition was pending changed [petitioner's] custody from illegal to legal.").

## CONCLUSION

All factors having been weighed, the Court is convinced that the appellate delay in this case, although regrettable, does not rise to a deprivation of due process. Accordingly, the motion for a writ of habeas corpus must be, and hereby is, denied.

SO ORDERED.