**UNITED STATES of America ex rel. Joseph PISCIOTTI, Petitioner,**

v.

**Keith COOPER, Respondent.**

**No. 91 C 3680.**

United States District Court, N.D. Illinois, E.D.

Feb. 20, 1992.

Joseph Pisciotti, pro se.

Arlene Anderson, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Joseph Pisciotti seeks a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Keith Cooper now moves to dismiss Pisciotti's petition for failure to exhaust available state remedies prior to seeking federal relief as required by 28 U.S.C. § 2254(b). For the reasons as set

forth below, Cooper's motion to dismiss is granted without prejudice.

## I.

The crimes for which Pisciotti has been convicted and sentenced stem from the strangulation death of Karen Przekwis and the subsequent arson of her apartment. Following a jury trial, Pisciotti was found guilty of murder and aggravated arson, and received consecutive sentences of forty and twenty years, respectively. Pisciotti appealed his convictions and sentences, arguing: "(1) his inculpatory statements should have been suppressed; (2) the evidence was insufficient to prove him guilty beyond a reasonable doubt; (3) he was denied a fair trial by prosecutorial misconduct throughout the trial and during closing arguments; and (4) the trial court abused its discretion in imposing consecutive sentences." *People v. Pisciotti* 136 Ill.App.3d 420, 91 Ill.Dec. 81, 483 N.E.2d 363 (1st Dist.1985). The Illinois Appellate Court affirmed. *Id.* Although Pisciotti asserts that the Illinois Supreme Court affirmed his convictions and sentences on direct appeal, no records exist indicating that Pisciotti has presented any claims to that court.

Following the Illinois Supreme Court's affirmance, as in the case of many defendants who act *pro se*, the procedural chronology becomes less straight forward. On March 24, 1987, Pisciotti filed for post-conviction relief pursuant to Ill.Rev.Stat. ch. 110A, ¶ 651. In an initial *pro se* petition, Pisciotti claimed that: (1) he was detained without probable cause; (2) he was interrogated without being advised of *Miranda* warnings; (3) he was denied effective assistance of trial counsel; and (4) he was denied effective assistance of counsel on appeal. Finding his petition devoid of any citation to case law, the court appointed a public defender to represent Pisciotti. With the assistance of counsel, Pisciotti filed a supplemental petition, arguing: (1) his conviction for aggravated arson should be vacated as the statute defining that crime had been held unconstitutional; and (2) prosecutorial misconduct during his questioning at trial constituted a violation of the Sixth Amendment. Subsequent to hearing arguments from counsel, the court vacated the aggravated arson conviction, found Pisciotti guilty of arson, and sentenced him to a seven-year term of imprisonment to be served consecutively with the forty-year sentence for murder. Pisciotti appealed the trial court's disposition of the post-conviction petition, contending the court erred by (1) refusing to hold an evidentiary hearing, and (2) imposing a sentence for arson. The appellate court reversed Pisciotti's arson conviction and affirmed the denial of his request for an evidentiary hearing. *People v. Pisciotti,* No. 89–2509 (Ill.App. 1st Dist. Oct. 25, 1991). On November 14, 1991, Pisciotti petitioned the Illinois Appellate Court for reconsideration of its October 25, 1991 order. That motion has not yet been resolved by the appellate court.

While waiting for reconsideration from the Illinois Appellate Court, Pisciotti filed in this court a *pro se* petition for writ of habeas corpus. Pisciotti raises the following eleven grounds in support of his habeas petition: (1) he was denied due process of law when he was sentenced but never tried on the arson charge; (2) the prosecutor asked unfair, prejudicial questions and made unfair, prejudicial arguments designed to deny petitioner a fair trial; (3) he was arrested without probable cause; (4) the State improperly suggested that a witness refused to testify because the witness was petitioner's friend and his testimony would have been unfavorable to the petitioner; (5) the trial court erred in denying petitioner's pretrial motion to suppress statements; (6) the evidence was insufficient to find the petitioner guilty beyond a reasonable doubt; (7) the trial court abused its discretion by sentencing petitioner to forty years for murder and seven years for arson, running consecutively; (8) the jury instructions given at trial violated petitioner's Fourteenth Amendment right to due process as established by *People v. Reddick,* 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988), and *Falconer v. Lane,* 905 F.2d 1129 (7th Cir.1990), and applied retroactively in *Taylor v. Gilmore,* 954

F.2d 441 (7th Cir.1992); (9) he was interrogated without being advised of his *Miranda* warnings; (10) evidence admitted for the purpose of the aggravated arson charge is inadmissable for purposes of the murder charge; and (11) he was denied effective assistance of trial counsel and effective assistance of counsel on appeal.

## II.

First enunciated in *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), the exhaustion doctrine "is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). It is not, however, a jurisdictional requirement. *Id.; Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 1673–74, 95 L.Ed.2d 119 (1987); *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); *see also Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939) (the doctrine "is not one defining power but one which relates to the appropriate exercise of power"). Nonetheless, the requirement creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Granberry*, 481 U.S. at 131, 107 S.Ct. at 1674. Indeed, as codified in 1948, the exhaustion rule looms as an uncompromising obstacle to state prisoners seeking federal habeas relief:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has a right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)–(c) (1988). The Supreme Court, however, has not interpreted § 2254 in such strict terms.

■ In general, proper exhaustion requires the petitioner to "fairly present" the issue to the highest court of the state possessing the power to review the question. *Smith v. Digmon*, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953) (overruled in part, not relevant here, by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). If the petitioner has raised the relevant claim before the highest court of the state on direct appeal, he will not be required to raise the issue on any other avenue of relief, *i.e.*, on state post-conviction review. *Brown*, 344 U.S. at 448–49 n. 3, 73 S.Ct. at 403 n. 3; *see also United States ex. rel Falconer v. Lane*, 708 F.Supp. 202, 204 (N.D.Ill.1989). In a federal habeas petition that raises multiple claims, a petitioner must exhaust his state remedies as to all issues before the court may consider the petition. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

■ Upon a careful review of each of Pisciotti's claims, it is evident that at least one cognizable federal issue raised in the *pro se* petition has not been exhausted: ineffective assistance of counsel on appeal. The Illinois Appellate Court discussed the merits of this issue in its October 25, 1991 order granting Pisciotti's post-conviction petition in part and denying it in part. Indeed, this issue remains before the appellate court on Pisciotti's motion for reconsideration. Further, if the appellate court resolves the matter in favor of the respondent, Pisciotti is afforded 35 days to petition for leave to appeal to the Illinois Supreme Court—the highest court in the State of Illinois with the power to review the claim of ineffective assistance of counsel. *See* Ill.Rev.Stat. ch. 110A, ¶ 315 (Supp. 1991).

■ True, there are a few recognized exceptions to the exhaustion requirement: (1) excessive delay in the state processes, *see, e.g., Brooks v. Jones,* 875 F.2d 30, 32 (2d Cir.1989) (eight-year delay in state appeal warranting federal consideration of unexhausted claims); (2) existence of circumstances rendering available state processes futile or ineffective, *see, e.g., Gray v. Greer,* 707 F.2d 965, 967 (7th Cir.1983) (holding post-conviction relief in the Illinois courts ineffective in those circumstances where the Illinois courts strictly apply the doctrine of res judicata or waiver); and (3) interference by state officials in petitioner's access to state remedies, *see, e.g., Mayberry v. Petsock,* 821 F.2d 179, 182–84 (3d Cir.) ("if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state's procedures in effect unavailable, exhaustion would be excused"), *cert. denied,* 484 U.S. 946, 108 S.Ct. 336, 98 L.Ed.2d 362 (1987). However, none of these exceptions are applicable to the instant claim of ineffective assistance of counsel.

We recognize that Pisciotti's *Falconer* claim (Ground 8 of his petition) highlights the tensions inherent in federal review of state convictions. In *Falconer,* the Seventh Circuit held that the instructions given in defendant's murder prosecution were constitutionally inadequate as they allowed the jury to return a verdict of murder despite findings concerning the defendant's state of mind sufficient to warrant a verdict of voluntary manslaughter. *Falconer,* 905 F.2d at 1136. In light of the Seventh Circuit's recent holding that *Falconer* did not announce a new rule under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and thus applies retroactively, *Taylor v. Gilmore,* 954 F.2d 441, it appears that the jury instructions given at Pisciotti's trial likewise violated his due process rights. The dilemma: Should this court relax the exhaustion requirement—a matter of comity and not jurisdiction—in order to remedy a "clear violation" of rights? Reflecting on the perplexity of the issue, Judge Irving Kaufman stated:

In our system of government, the federal courts, Janus-like, must often observe two directions at once. On the one hand, through unstinting vigilance, we must warrant the guarantees of the Constitution. Yet we are enjoined, on the other hand, to forebear gratuitous intrusions into the judicial function of the several states. Nowhere are these two competing imperatives more inextricably intertwined than in a federal court's habeas corpus duties.

*Sanders v. Sullivan,* 863 F.2d 218, 218–19 (2d Cir.1988). For the time being, the United States Supreme Court has resolved the question in the negative, refusing to recognize an exception to the exhaustion rule for "clear violations" of rights. *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). Considerations of federal-state comity dictate that we afford the Illinois courts an opportunity to correct any constitutional violations arising from Pisciotti's state convictions and sentences.

### III.

Pisciotti's petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust available state-court remedies. It is so ordered.