12-4228-pr
Roberites v. Colly

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand thirteen.

PRESENT:   ROBERT D. SACK,
           BARRINGTON D. PARKER,
           REENA RAGGI,
                    *Circuit Judges.*
------------------------------------------------------------------------
JESSE J. ROBERITES,
                    *Petitioner-Appellant*,

           v.

                                                   No. 12-4228-pr

SUPERINTENDENT COLLY,
                    *Respondent-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        RANDOLPH Z. VOLKELL, ESQ., Merrick, New York.

APPEARING FOR APPELLEE:         ALYSON J. GILL, (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from an order of the United States District Court for the Western District of New York (John T. Curtin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 21, 2012, is AFFIRMED in part and REVERSED and REMANDED in part.

New York State prisoner Jesse Roberites, now represented by counsel, appeals from the sua sponte dismissal without prejudice of his pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions for arson and insurance fraud and complaining of ineffective assistance of counsel on appeal. The rules governing § 2254 permit sua sponte dismissal where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing Section 2254 Cases, Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994). We review such a dismissal de novo. See Jones v. West, 555 F.3d 90, 95 (2d Cir. 2009); cf. Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (holding de novo review applies to sua sponte dismissal of prisoner civil rights action pursuant to 28 U.S.C. § 1915). To facilitate that review, a panel of this court granted Roberites a certificate of appealability on two issues: (1) whether the on-going state delay in hearing his appeal excused the failure to exhaust and (2) whether such delay violated due process. See Roberites v. Colly, No. 12-4228-pr, Dkt. Entry 23 (2d Cir. Jan. 22, 2013). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm in part and reverse and remand in part.

2

1.     Excusing Exhaustion Based on Appellate Delay

The district court's dismissal was based on Roberites's failure to exhaust available state remedies, specifically direct appeal. See 28 U.S.C. §2254(b)(1)(A); Dean v. Smith, 753 F.2d 239, 241 (2d Cir. 1985). We have recognized that a failure to exhaust may be excused, however, where there has been "substantial delay in the state criminal appeal process." Cody v. Henderson, 936 F.2d 715, 718 (2d Cir. 1991); see 28 U.S.C. § 2254(b)(1)(B)(ii) (excusing failure to exhaust where circumstances render state corrective process ineffective to protect rights of petitioner); 17B Wright & Miller, Fed. Prac. & Proc. Juris. 3d § 4264.2 (2009) ("[I]f there is undue delay between the prisoner's application to the state courts and final disposition of it there, the federal courts consider that the state corrective process is ineffective to protect the rights of the prisoner and will pass on a habeas corpus petition.").

In assessing whether delay excuses exhaustion, a court properly considers the criteria articulated in Barker v. Wingo, 407 U.S. 514 (1972), regarding the right to a speedy trial, including (1) the length of the delay, (2) the reason for the delay and the party responsible, (3) whether petitioner asserted his right to a decision, and (4) ensuing prejudice. See Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir. 1990). A court may also consider federal-state comity in considering whether undue delay excuses a failure to exhaust. See Brooks v. Jones, 875 F.2d 30, 32 (2d Cir. 1989).

3

Here, approximately 32 months passed from Roberites's timely June 10, 2009 filing of his appeal and his February 27, 2012 filing of a § 2254 petition. During that time, the merits of the appeal were not under consideration; to the contrary, the appeal had not yet been perfected as required by N.Y. Comp. Codes R. & Regs., tit. 22, § 1000.3(b). At the time the district court dismissed the petition, over three years had passed. We have observed that "[t]he doctrine of exhaustion of state remedies does not require a petitioner to wait . . . three or four years before enlisting federal aid to expedite an appeal." Simmons v. Reynolds, 898 F.2d at 870. Thus, the length of the delay here tilts in favor of excusing Roberites's failure to exhaust.

The second and third factors also tilt in his favor. In the 32 months before Roberites filed his § 2254 petition (1) initial-appointed appellate counsel failed to perfect the state appeal or otherwise take any action on Roberites's behalf before being relieved, and (2) a second-appointed attorney ordered to perfect the appeal by January 3, 2012, failed to do so. On January 8, 2012, Roberites moved for appointment of new counsel, which the Appellate Division denied. Nothing in the record indicates whether the state court thereafter took any action to secure counsel's compliance with the order to perfect. It shows only that on June 6, 2013, nearly four years after Roberites's appeal was filed and two years after her appointment, second appellate counsel moved successfully to be relieved. On June 11, 2013, the Appellate Division assigned Roberites a third appellate counsel, and ordered him to perfect the state appeal by August 20, 2013. Counsel perfected the appeal as directed, a date now has been set for the state's reply, and the appeal

4

is calendared for the February 2014 Term. These circumstances indicate that, despite the noted lengthy delay, Roberties's appeal is finally on track for a merits assessment by the New York courts.

Mindful that "[t]he exhaustion requirement . . . is grounded in principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law," Castille v. Peoples, 489 U.S. 346, 349 (1989) (internal quotation marks and citation omitted), and in light of the fact that this appeal is now moving forward, we will not ourselves address the merits of Roberites's challenge to his conviction in advance of state courts. See Brooks v. Jones, 875 F.2d at 31–32. Accordingly, we affirm the district court's dismissal of Roberites's § 2254 petition challenging his judgment of conviction for failure to exhaust.

2. Due Process Claim for Undue Appellate Delay

In addition to seeking § 2254 relief from conviction, Roberites asserts a violation of his due process right to a speedy appeal. See Elcock v. Henderson, 947 F.2d 1004, 1007 (2d Cir. 1991) ("[O]nce a state has provided defendants in criminal cases with the right to appeal, due process requires that an appeal be heard promptly." (internal quotations marks omitted)); see also Cody v. Henderson, 936 F.2d at 719. We have previously rejected arguments that such due process claims must first be pursued in state court, deeming writs of error coram nobis inadequate to afford relief. See, e.g., Brooks v. Jones, 875 F.2 at 31; Mathis v. Hood, 851 F.2d 612, 614–15 (2d Cir. 1988). Respondent suggests that where, as here, petitioner attributes much of the delay to ineffective counsel, People v. Syville, 15

5

N.Y.3d 391, 912 N.Y.S.2d 477 (2010), holds that <u>coram nobis</u> can afford effective relief. Because Roberites's due process claim is not limited to the ineffectiveness of counsel, but also faults the state court's own inaction in advancing his appeal, we need not here decide whether <u>Syville</u> warrants reconsideration of our precedent not requiring exhaustion of such due process claims. <u>See</u> <u>Mathis v. Hood</u>, 851 F.2d at 615. Further, we conclude that Roberites is, at this point, entitled only to conditional relief.

Once again, the <u>Barker v. Wingo</u> factors inform our assessment of the plausibility of Roberites's due process claim. <u>See</u> <u>Elcock v. Henderson</u>, 947 F.2d at 1007. Where, as here, the first three <u>Barker</u> factors weigh in favor of finding a due process violation, but a petitioner has failed to demonstrate any substantial prejudice to his pursuit of a now scheduled appeal, we have held that a conditional writ is the appropriate remedy because "it limits the time state courts may delay; it grants a prisoner the required relief, his appeal; and it provides federal courts with an effective means to protect prisoners' rights to appeal." <u>Simmons v. Reynolds</u>, 898 F.2d at 870; <u>see</u> <u>also</u> <u>Brooks v. Jones</u>, 875 F.2d at 32. Mindful both that Roberites's appeal is now scheduled to be heard in the February 2014 Term, and that New York's Appellate Divisions carry heavy dockets, we direct the district court on remand to issue a conditional writ ordering Roberites's release unless his appeal is decided by June 30, 2014.

We have considered the parties' remaining arguments on appeal and find them to be without merit. Accordingly, the order of the district court is AFFIRMED in part and REVERSED and REMANDED in part.

The Clerk of Court shall issue the mandate ten (10) days from the date of this order, and shall forthwith transmit a copy of this order to the New York State Appellate Division, Fourth Department.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court