**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY JOE DOSHIER,

        Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

        Respondent-Appellee.

No. 02-7151

(D.C. No. CIV-02-161-S)

(E.D. Oklahoma)

**ORDER**

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Larry Joe Doshier, a state prisoner appearing pro se, seeks a certificate of appealability (COA) that would allow him to appeal the district court's order dismissing his application for a writ of habeas corpus under 28 U.S.C. § 2254 for failure to exhaust state remedies. *See* 28 U.S.C. § 2253(c)(1)(A). He has also filed with this court a "Petition for Writ of Coram Nobis" challenging his conviction. We deny Mr. Doshier's request for a COA, deny his petition for a writ of error coram nobis, and dismiss the appeal.

On December 8, 2000, Mr. Doshier pleaded guilty to one count of manufacturing a controlled dangerous substance and was sentenced to 20 years' imprisonment. Apparently, he did not directly appeal his conviction or seek relief

under Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1089.  Instead, on December 27, 2001, Mr. Doshier filed in the District Court of Seminole County, Oklahoma, a petition for a writ of habeas corpus (which is a different remedial process from an application for relief under Oklahoma's post-conviction statute, *see* Okla. Stat. tit. 22, Ch. 18, App. R. 10.6(C)(1)).  His petition was denied in a one-paragraph order dated February 13, 2002.  Mr. Doshier appealed that denial to the Oklahoma Court of Criminal Appeals (OCCA), filing a "Habeas Corpus Petition" challenging his conviction on a number of grounds.  The OCCA declined jurisdiction over the petition on March 13, 2002, noting that "[t]he writ of habeas corpus is not an authorization to bypass the statutory appeal process," and ruling that Mr. Doshier "ha[d] not properly presented th[e] matter for consideration."  R., Tab 1, Ex. 2, at 1.  Mr. Doshier was advised that if he "believe[d] he was denied a timely appeal through no fault of his own, he should file an application for post-conviction relief in the District Court, seeking an out of time appeal."  *Id.* at 1-2 n.2.

Rather than seek an appeal out of time under Oklahoma's post-conviction statute, Mr. Doshier filed a § 2254 habeas corpus application in federal court.  In that application, as in his habeas petition to the OCCA, Mr. Doshier appears to challenge his conviction on the following grounds:  (1) entrapment, (2) outrageous government conduct, (3) ineffective assistance of counsel, and (4) the

-2-

use of a purportedly invalid search warrant.  Also, he requested an evidentiary hearing.  On October 22, 2002, the district court dismissed the application without prejudice for failure to exhaust state remedies.  This request for a COA followed.

A COA can issue only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the district court has denied the application on procedural grounds without reaching the underlying constitutional claims, a COA should issue if the applicant demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We recognize that in examining whether the district court's "resolution was debatable amongst jurists of reason," we should not undertake a "full consideration of the factual or legal bases adduced in support of the claims."  *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003).  Rather, "[t]he COA determination under § 2253(c) requires an *overview* of the claims in the habeas petition and a general assessment of their merits."  *Id.*  (emphasis added).

After consideration of Mr. Doshier's brief, the district court's order, and the record on appeal, we conclude that the district court's determination that Mr. Doshier's § 2254 application should be dismissed for failure to exhaust state

remedies is not reasonably debatable. An applicant for a writ of habeas corpus under § 2254 must show that he has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied "once [a] federal claim has been *fairly presented* to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal quotation marks omitted; bracket in original). In Oklahoma, habeas corpus is a limited remedy and may not be used to bypass the statutory appeals process. *See* Okla. Stat. tit. 22, Ch. 18, App. R. 10.6(C)(1); *Smith v. Oklahoma*, 546 P.2d 1351, 1354 (Okla. Crim. App. 1976) ("We have consistently held that the scope of habeas corpus is limited to a determination of whether the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed.") Under these circumstances, the filing of Mr. Doshier's state habeas petition is not a "fair presentation" to the OCCA sufficient to satisfy the exhaustion requirement. *See Castille*, 489 U.S. at 351 (a petitioner who invokes a discretionary and limited state remedy does not fairly present his claims and therefore does not exhaust state remedies); *Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (same). We note that Mr. Doshier apparently still has state remedies available to him, as the OCCA advised him that he could seek an out-of-time appeal through an application for post-conviction relief in state district court. Therefore, for substantially the same reasons set forth in the

district court's October 22, 2002 order, we **DENY** Mr. Doshier's request for a COA.

Mr. Doshier has also challenged his conviction by filing a "Petition for Writ of Coram Nobis." That petition is **DENIED**. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis."). The appeal is **DISMISSED**.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge