FILED
United States Court of Appeals
Tenth Circuit

August 12, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

DAVID CIEMPA,

        Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

        Respondent-Appellee.

No. 09-5068

(N.D. of Okla.)

(D.C. No. 4:08-CV-00119-CVE-FHM)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

David Ciempa, a state prisoner appearing pro se,[1] seeks a certificate of

appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C.

§ 2241 habeas petition for failure to exhaust administrative and state court

remedies. Because we agree with the district court's determination that Ciempa

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe Ciempa's pro se filings liberally. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

has failed to exhaust his available state remedies, we DENY Ciempa's request for a COA and DISMISS this appeal.

## I. Background

This appeal has a lengthy procedural background. Ciempa is an Oklahoma state prisoner serving time for a variety of crimes, including attempted armed robbery. In mid-2006, Ciempa allegedly sent a threatening letter to a state prison employee. Prison authorities filed an offense report—which Ciempa signed and acknowledged—and conducted an investigation. Thereafter, a disciplinary hearing was scheduled and Ciempa was offered an opportunity to present witnesses and evidence on his behalf.

At this disciplinary hearing, which Ciempa apparently refused to attend, Ciempa was adjudged guilty of menacing. As punishment, the Oklahoma Department of Corrections (DOC) revoked 365 days of Ciempa's good time credits. Ciempa concedes that he did not appeal this finding to the DOC director as provided by the disciplinary procedures.

Ciempa instead filed a grievance, challenging the DOC investigation of his alleged misconduct. The DOC apparently did not respond to this grievance. Ciempa subsequently filed an application for judicial review in state district court. The state court determined the DOC had provided Ciempa with all his statutory due process rights. Additionally, the court determined that because DOC remedies were still available, Ciempa had failed to exhaust his

administrative remedies prior to filing the court action. As a result, on April 18, 2007, the state court dismissed Ceimpa's application under Okla. Stat. tit. 57, § 566(A)(1). Ciempa did not directly appeal this finding.

On September 13, 2007, Ciempa filed a belated motion for a new trial in state district court, raising the same claims as before. The court summarily denied this motion. Ciempa then appealed to the Oklahoma Court of Criminal Appeals (OCCA).

The OCCA dismissed the appeal as untimely, finding Ciempa had failed to file the appeal within 30 days of the state district court's final order. The court also determined that Ciempa's belated motion for a new trial, filed almost five months after the state district court's dismissal, did not excuse Ciempa from his duty to file a timely appeal. Ciempa did not seek an appeal out of time as provided by OCCA rules.

On March 3, 2008, Ciempa filed this 28 U.S.C. § 2241 petition in federal district court, alleging violation of his due process rights and seeking the restoration of his lost good time credits. In his habeas petition, Ciempa raised nine claims of due process violations by the Oklahoma state courts and the DOC. He alleged that: (1) he did not receive the state district court's April 18, 2007 order until late August; (2) the state courts (both the OCCA and the district court) refused to take judicial notice of his alleged failure to receive the state district court's April 18th order; (3) the OCCA unfairly applied its rules governing the

timing of appeals; (4) he failed to receive any notice regarding his improperly submitted grievance until late February 2007, allegedly causing a loss of appellate rights; (5) the state courts refused to take judicial notice regarding his failure to receive a response to his improperly filed grievance; (6) the DOC and other reviewing authorities repeatedly denied his requests for an investigation of the offense report and the alleged menacing incident; (7) the state courts failed to direct the DOC to explain these denials; (8) the offense report inaccurately noted that he had voluntarily waived his opportunity to attend the disciplinary hearing; and (9) the state district court erred in determining he had waived his right to present evidence at the disciplinary hearing.

In addressing Ciempa's habeas claims, the federal district court divided them into two groups: claims 1, 2, 3, 5, 7, and 9 alleged errors by the Oklahoma state courts while claims 4, 6, and 8 implicated administrative rulings. As to Ciempa's claims alleging due process violations by the state courts, the district court held Ciempa had failed to exhaust his state court remedies. Specifically, the court noted:

> [Ciempa's] due process and access to courts claims arise from his allegation that he was denied an appeal through no fault of his own because he failed to receive the state district court's order denying his application for judicial review until it was too late to file a timely appeal. [Ciempa] has not presented those claims to the state courts and he has an available remedy: to seek an appeal out of time in the state district court.

R., Doc. 11 at 5. Consequently, the court dismissed without prejudice claims 1, 2, 3, 5, 7, and 9 for failure to exhaust.

Addressing Ciempa's allegations of administrative due process violations, the court similarly concluded Ciempa still had unexhausted state administrative remedies available. The district court summarized Ciempa's posture:

> Ciempa cannot, however, assert that administrative remedies became unavailable because he waived an appeal when he refused to attend the hearing and at the same time assert that he did not refuse to attend the hearing. Stated another way, [Ciempa] wants to challenge DOC's assertion that he refused to attend the disciplinary hearing yet use the refusal to avoid compliance with DOC's administrative procedures. Ciempa cannot have it both ways.

*Id.* at 6. The court did observe, however, that Ciempa still had an available administrative remedy—i.e., requesting an out of time administrative appeal with the DOC director. It therefore concluded Ciempa had failed to exhaust his administrative remedies and dismissed claims 4, 6, and 8 without prejudice.

On March 30, 2009, two months after the district court dismissed his habeas petition, Ciempa filed several motions with the district court seeking to have the court reopen its judgment as to claims 4, 6, and 8. In particular, Ciempa provided documents indicating that he had sought an out of time appeal with the DOC director, and that this appeal had apparently gone unanswered. The district court, construing Ciempa's request as a Federal Rule of Civil Procedure 60(b) motion, denied relief, concluding the "fact that [Ciempa's] request for an administrative appeal out of time was returned unanswered does not . . . entitle

[him] to relief from the Judgment entered in this action on January 12, 2009. [Ciempa] had not exhausted administrative remedies when he commenced this action." R., Doc. 16 at 4.

Ciempa now appeals, raising the same claims as he did below.

## II. Analysis

A state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2241 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); *see Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding that state prisoners must obtain a COA to appeal denials of 28 U.S.C. § 2241 petitions). Before granting a COA, we must conclude that Ciempa "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Ciempa bears the burden to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Furthermore, where, as here, the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Id.* Ciempa fails to make such a showing.

For substantially the same reasons set forth by the district court dismissal order and its denial of Ciempa's motions to reopen, we conclude that Ciempa has failed to exhaust his state judicial and administrative remedies.

The district court properly found that Ciempa had failed to exhaust his state court remedies. Rather than determining that Ciempa's failure to timely appeal the state court denial operated as a procedural bar, the district court permitted Ciempa an opportunity to seek one apparently remaining avenue of state judicial relief: an out of time appeal with the OCCA. *See Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) ("The Supreme Court has explained that if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review.") (citing *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006)). Nothing in the record or Ciempa's arguments persuades us that the district court's dismissal *without prejudice* was in error. Ciempa can still file the identical § 2241 challenges to the DOC's revocation of his good time credits in federal district court once he has exhausted all potential avenues of appeal with the OCCA.

Ciempa also claims the district court erred in refusing to reconsider its dismissal of his petition as to his claims of administrative error. He contends he

has filed an out of time appeal with the DOC director, which has apparently gone unanswered. He argues the district court improperly refused to consider his post-dismissal proffer of evidence showing he has now exhausted his administrative remedies.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Smith v. United States*, 561 F.3d 1090, 1097 n.8 (10th Cir. 2009). We only reverse a district court's Rule 60(b) determination "if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong." *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008) (quotation omitted). We find no such abuse of discretion here.

The district court concluded that Ciempa's post-dismissal filings fell short of demonstrating that he had actually exhausted his administrative appeal with the DOC director. Rather, the district court properly noted Ciempa's evidence only demonstrated he had submitted an out of time administrative appeal. The district court refused to equate Ciempa's contention his request had gone unanswered with a denial of relief. We are not convinced this conclusion is wrong and without a reasonable basis. Moreover, as noted above, because the district court dismissed Ciempa's habeas petition *without prejudice*, Ciempa can simply refile his § 2241 petition once he has adequate evidence that he has actually exhausted his administrative remedies.

In his Rule 60(b) motion, Ciempa also alleged his failure to exhaust state remedies should be ignored because all state remedies were inadequate or futile. Ciempa's motion falls far short of his "burden of showing that he has exhausted available state remedies," or of "affirmatively show[ing] that resort to them would be useless." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). The district court, therefore, did not abuse its discretion in denying Ciempa's Rule 60(b) motion.

In sum, reasonable jurists would not debate the correctness of the district court's determination that Ciempa has failed to exhaust his state judicial and administrative remedies.

### III. Conclusion

For the foregoing reasons, we DENY Ciempa's request for a COA and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge