FILED
United States Court of Appeals
Tenth Circuit

February 20, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LEVI McRAE LUGINBYHL,

    Petitioner - Appellant,

v.

STEVEN HARPE, Director, Oklahoma
Department of Corrections,

    Respondent - Appellee.

No. 24-5136
(D.C. No. 4:23-CV-00279-CVE-MTS)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Levi McRae Luginbyhl is an inmate at Oklahoma's Lawton Correctional

and Rehabilitation Facility. Proceeding pro se, he seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his "motion for

rehearing for cause," which the district court construed as a motion for relief

under Federal Rule of Civil Procedure 60(b).[1] He also requests to proceed in

forma pauperis (IFP) on appeal. After thoroughly reviewing the appellate

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Luginbyhl proceeds pro se, we liberally construe his filings, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

record and filings, we grant the IFP application but deny the COA application and dismiss this appeal.

## BACKGROUND

In 2016, an Oklahoma state-court jury convicted Luginbyhl of robbery with a firearm after two or more prior felonies. He was sentenced to forty years' imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence. Luginbyhl then filed an application for post-conviction relief and later filed a supplemental application for the same relief in Oklahoma state court. The state court dismissed both applications in 2018 and 2024. Luginbyhl appealed the state court's dismissal of his supplemental application. The OCCA declined jurisdiction, because his appeal was untimely. But the OCCA explained that he may seek relief for an out-of-time post-conviction appeal in state court.

In tandem with his state-court process, Luginbyhl filed a petition under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. He raised numerous claims, including (1) that the state court "refused to provide all court transcripts, pleadings, motions, evidence, and unlawfully seized other records," and (2) that the prosecutor "inflamed the passions and prejudice of the jury" through references to his patriotism, allegiances, and sovereign-citizen beliefs. R. vol. I, at 13, 15. The government moved to dismiss the petition, arguing that Luginbyhl had not exhausted available state remedies. The district court agreed and dismissed the § 2254

petition. *Luginbyhl v. Harpe*, No. 4:23-CV-0279-CVE-MTS, 2024 WL 2032930, at *3 (N.D. Okla. May 7, 2024). Luginbyhl did not appeal the district court's ruling.

Luginbyhl then moved for rehearing for cause. He claimed that he had "evidence of the [OCCA's] default or defective filing system which has adversely affected the right to appeal his cause of action of no fault of his own." R. vol. I, at 145. He argued that the OCCA improperly dismissed his supplemental-application appeal as untimely. The district court construed the motion as seeking relief under Rule 60(b) and denied the motion. It reasoned that the OCCA had advised him of a state-law avenue for his untimely post-conviction appeal. The district court found that "[n]othing in the motion shows that [Luginbyhl] has exhausted any habeas claims or that he should be excused from doing so on the ground of futility or the absence of available state remedies." *Id.* at 201. Luginbyhl timely appealed the district court's denial of his Rule 60(b) motion.

We directed a limited remand for the district court to determine whether to issue a COA for the Rule 60(b) appeal and abated the proceeding.[2] On remand, the district court concluded that Luginbyhl had failed to show the denial of any constitutional right, as required for a COA. It determined that "reasonable jurists would not debate that the Rule 60(b) motion should have

---

[2] "The COA should, as in all such cases, be sought first from the district court." *Spitznas v. Boone*, 464 F.3d 1213, 1218 n.6 (10th Cir. 2006).

3

been resolved in a different manner[.]" *Id.* at 209. The district court therefore declined to issue a COA.

## DISCUSSION

A petitioner must obtain a COA to appeal the denial of a Rule 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the petitioner must demonstrate (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under a generous interpretation of the Rule 60(b) motion, Luginbyhl asserts that he exhausted state remedies after the OCCA improperly dismissed his request for post-conviction relief.[3] He contends that the district court should

---

[3] We agree with the district court's characterization of the "motion for rehearing for cause" as a motion under Rule 60(b). *See Spitznas*, 464 F.3d at 1215–16 (describing a "true" Rule 60(b) motion as including a motion that "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application"). Luginbyhl's claim that the OCCA improperly dismissed his supplemental application implicates the issue of state exhaustion, which qualifies as a challenge to the district court's procedural ruling. *See id.* at 1216. This claim is therefore a "true" Rule 60(b) motion. Luginbyhl does not object to the district court's characterization of his

(*footnote continued*)

4

reopen his § 2254 petition. We disagree. The district court had dismissed Luginbyhl's § 2254 petition for failure to exhaust state remedies. 28 U.S.C. § 2254(b)(1) (requiring a petitioner to exhaust state remedies or to demonstrate either an absence of a state-corrective process or that such process is ineffective). At that time, his post-conviction appeal was pending before the OCCA. The OCCA later declined to exercise jurisdiction over Luginbyhl's untimely post-conviction appeal but provided an avenue for him to request an appeal out of time. Under these circumstances, Luginbyhl still had not exhausted his state remedies when he filed his Rule 60(b) motion. The district court's decision to dismiss his Rule 60(b) motion because he failed to exhaust state remedies is not reasonably debatable.[4] *See Doshier v. Oklahoma*, 67 F. App'x 499, 500–01 (10th Cir. 2003); *Ciempa v. Dinwiddie*, 340 F. App'x 516, 520 (10th Cir. 2009). Luginbyhl has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

motion. *See* R. vol. I, at 203 (describing his own motion as one under Rule 60(b)); Op. Br. at 2 (same).

[4] Luginbyhl also raised a litany of claims based on irrelevant and random legal citations, definitions, biblical references, and complaints about the criminal-justice system. *See, e.g.*, R. vol. I, at 148, 150 (espousing sovereign-citizen beliefs and claiming his criminal case violated the "Separation of Power of Church and State"). The district court's dismissal for failure to exhaust state remedies and our denial of a COA apply to these claims as well. *See Slack*, 529 U.S. at 484 (requiring "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). To the extent that some of these claims are better characterized as claims under § 2254, these claims are still barred by his failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

## CONCLUSION

For these reasons, we deny Luginbyhl's COA application and dismiss his appeal. But we nevertheless grant his IFP application.

Entered for the Court

Gregory A. Phillips
Circuit Judge