770 F.2d 168
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLYDE WILLIAMS, PETITIONER-APPELLANT,
v.
R.C. MARSHALL, RESPONDENT-APPELLEE.
 NO. 84-3147
 United States Court of Appeals, Sixth Circuit.
 7/22/85
 
 N.D.Ohio
 VACATED AND REMANDED
 
 ORDER
 
 1
 BEFORE: MARTIN and JONES, Circuit Judges; and SILER, Chief District Judge.*
 
 
 2
 This matter is before the Court upon the appellee's motion to dismiss. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the motion to dismiss and response thereto, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Clyde Williams has brought this appeal from the district court's dismissal of his petition for habeas corpus relief, 28 U.S.C Sec. 2254. He is presently confined in an Ohio prison, serving a sentence for aggravated burglary, aggravated robbery and kidnapping. The district court denied the petition for habeas corpus because it was unable to unequivocally determine that Williams had fully exhausted his state court remedies. The appellant's habeas petition contains two allegations of error: his conviction was obtained through prosecutorial misconduct and in violation of the protection against double jeopardy.
 
 
 4
 In his motion, the appellee contends the double jeopardy claim should be dismissed because it was waived pursuant to Wainwright v. Sykes, 433 U.S. 72 (1977). Further, he concedes the appellant has exhausted state review of the prosecutorial misconduct issue and requests that the case be remanded to the district court so the merits of that claim may be addressed. For the reasons stated infra, dismissal of the double jeopardy claim would be improper. It appears the petition should not have been dismissed on the basis of failure to exhaust state remedies. Therefore, the motion to dismiss, in the posture set forth by the appellee, is denied. The judgment is instead vacated and the case is remanded pursuant to Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 5
 The appellee, in his motion, states that the prosecutorial misconduct claim was exhausted on direct appeal. In view of the attachments to his motion concerning the state court appeals, it is clear the prosecutorial misconduct issue was exhausted. The state court records were not before the district court because the petition was summarily dismissed.
 
 
 6
 Furthermore, requiring exhaustion of the double jeopardy claim is futile in this situation. The appellant can neither pursue Ohio post-conviction relief, Ohio Revised Code Sec. 2953.21 et seq., nor a delayed appeal, Ohio Revised Code Sec. 2963.05. Review under these statutes is precluded because he could have brought the issue up on direct appeal but did not. State v. Roberts, 1 Ohio St.3d 36, 437 N.E.2d 598 (1982); Keener v. Ridenour, 594 F.2d 581 (6th Cir. 1979). Additionally, Ohio habeas corpus is not available because Williams is not challenging the conviction on a jurisdictional basis. Ohio Revised Code Sec. 2725.05; Freeman v. Maxwell, 4 Ohio St.2d 4, 210 N.E.2d 885 (1965); Knox v. Maxwell, 277 F.Supp. 593 (N.D. Ohio 1967). The exhaustion doctrine does not require pursuit of a state remedy when such pursuit is clearly futile. Wiley v. Sowders, 647 F.2d 642 (6th Cir.), cert. denied, 454 U.S. 1091 (1982).
 
 
 7
 As noted in the appellee's motion, the double jeopardy claim may be susceptible to dismissal on the basis of waiver. Wainwright v. Sykes, supra. The appellant, however, has not been given the opportunity to show cause and prejudice as required by Wainwright. It would be improper for this Court to decide this issue on appeal.
 
 
 8
 Accordingly, it is ORDERED that the motion to dismiss is denied. Further, the judgment of the district court is vacated and the case is remanded to the district court so that the merits of the prosecutorial misconduct and waiver issues may be addressed. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., U.S. District Judge for the Eastern and Western Districts of Kentucky, sitting by designation