992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyrone JACKSON, Petitioner-Appellant,
v.
Robert BORG, Warden; Attorney General of California,
Respondents-Appellees.
 No. 92-56024.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 4, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tyrone Jackson, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. The district court summarily dismissed the petition for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We vacate the district court's judgment and remand for further proceedings.
 
 
 3
 A district court may summarily dismiss a habeas petition without requiring an answer from the respondents only if it plainly appears from the face of the petition, and any exhibits annexed to it, that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. A federal court must dismiss a state prisoner's habeas corpus petition unless the petitioner has exhausted available state remedies. McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). A petitioner has satisfied the exhaustion requirement if he has fairly presented his claims to the highest state court. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). A claim is fairly presented if the petitioner has described the operative facts and legal theory on which the claim is based. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). A petitioner need exhaust only one avenue of relief in state court before bringing a federal habeas petition. Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987) (California prisoner who raises claims on direct appeal need not bring state habeas action before filing habeas petition in federal court), cert. denied, 489 U.S. 1059 (1989).
 
 
 4
 In his habeas corpus petition, Jackson contends that he was subject to double jeopardy because he was twice convicted of the same crime, once by plea bargain and once by jury trial.[1] He contends further that his trial and appellate counsel were ineffective for failing to raise this issue.
 
 
 5
 The district court summarily dismissed Jackson's petition for habeas corpus two days after it was filed, without requiring the respondents to answer. The district court stated that Jackson had failed to exhaust available state remedies. Jackson submitted, as an exhibit, a copy of the California Court of Appeal decision upholding his conviction. This opinion states: "contrary to appellant's contention, imposition of the proper but more severe sentence does not violate the proscription against double jeopardy contained in either the federal or state Constitutions." People v. Jackson, 121 Cal.App.3d 862, 870 (Cal.Ct.App.1981). This exhibit also indicates that Jackson filed a petition to the California Supreme Court for a hearing, and that petition was denied. Id. at 875. Accordingly, from the face of the petition, this claim appears to have been exhausted, contrary to the district court's finding. See Turner, 827 F.2d at 528.
 
 
 6
 Jackson's claims regarding ineffective assistance of trial and appellate counsel do not appear to have been exhausted. However, we cannot determine that issue with certainty based on the record before us. Jackson clearly raised the double jeopardy issue before the California Court of Appeal, and also argued that his trial counsel was ineffective. Without his briefs to that Court and to the California Supreme Court, we have no way of knowing whether he argued that his trial counsel was ineffective for failing to raise the double jeopardy defense, or whether he argued that his appellate counsel was similarly ineffective. Because it is thus not clear from the face of the petition that Jackson has failed to exhaust state remedies, we vacate the district court's decision, and remand so the respondents can be required to answer. Cf. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jackson's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As part of a plea agreement, Jackson pleaded guilty to two counts of second degree murder and one count of kidnapping, and was sentenced to eleven years in prison. Several months later, it was discovered that Jackson had been sentenced under a statute that had been repealed prior to the commission of his crimes. The new statute prescribed the minimum punishment for second degree murder as fifteen years to life in prison. Jackson chose to withdraw his guilty plea and proceed to trial, rather than accept a new plea bargain within the statutory limits. He was found guilty of first degree murder, second degree murder, kidnapping, as well as special circumstance allegations and firearm use violations, and was sentenced to life imprisonment without possibility of parole