151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jasper J. HARRISON, Petitioner-Appellant,
v.
Daniel R. MCBRIDE, Respondent-Apeellee.
 No. 97-1447.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1998.*
Decided July 27, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:96cv0488 AS Allen Sharp, Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 Order
 
 1
 Last fall, in an appeal (No. 97-1095) by Jasper Harrison from an order denying his petition under 28 U.S.C. § 2254, we summarily reversed the district court's decision, holding that the district judge had failed to adjudicate on the merits the claim Harrison actually made. The State of Indiana informs us that the case remains active on the district court's docket on remand. The current appeal, No. 97-1447, is from an order dismissing--for failure to exhaust state remedies--a petition that appears to contest the same decisions that are under review in the other case. Once again we summarily reverse the district court's order.
 
 
 2
 The decisions that Harrison wants the court to upset took away 60 days, good-time credit and placed him in a reduced credit-earning class. The district court denied the first-filed petition (No. 3:96cv0429 AS) on the merits, holding that Harrison had not been deprived of a liberty or property interest. Our unpublished order of last October reversed that decision because the district court failed to address the deprivation of good-time credits, which are indubitably a liberty interest. The district court dismissed the second-filed petition (No. 3:96cv0488 AS) for failure to exhaust state remedies, a disposition inconsistent with its earlier decision on the merits, and at all events hard to support because Indiana does not provide judicial remedies in prison discipline cases. Although the district judge issued a certificate of appealability in Harrison's first appeal, he declined to do so in the second.
 
 
 3
 We do not understand how the same challenge can be both decided on the merits and dismissed for failure to exhaust state remedies. We do not understand what function No. 3:96cv0488 serves with No. 3:96cv0429 still under advisement. We do not understand how Harrison can file multiple § 2254 petitions in the district court, given 28 U .S.C. § 2244. See Nunez v. United States, 96 F.3d 990 (7th Cir .1996). (No. 3:96cv0488 was filed on June 28, 1996, and therefore is governed by the Antiterrorism and Effective Death Penalty Act.) Although we might invoke Nunez to vacate the district court's order and remand No. 3:96cv0488 with instructions to dismiss for want of jurisdiction, proceedings are sufficiently obscure that we think it best to ask the district court to sort out the relation between these two cases. What is more, respondent contends that there is still another jurisdictional obstacle: mootness. According to the state, Harrison has been released on parole, a step that under Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), presumptively moots any challenge to prison disciplinary issues. See also Diaz v.. Duckworth, No. 96-2630 (7th Cir. May 4, 1998).
 
 
 4
 A certificate of appealability is issued, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this order and with the order in No. 97-1095.
 
 
 
 *
 This successive appeal has been submitted to the panel that heard the initial appeal (No. 97-1095). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. See Fed.R.App.P. 34(a); Cir.R. 34(f)