[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 08, 2011
JOHN LEY
CLERK

No. 10-10787
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00055-WCO

MAHMOUD HAFEZ,

Petitioner - Appellant,

versus

WARDEN DAVID FRAZIER,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 8, 2011)

Before EDMONDSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Mahmoud Hafez, a Georgia prisoner, appeals the district court's dismissal of his pro se 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust his state administrative remedies. Reversible error has been shown; we vacate and remand for additional proceedings.

Hafez filed a state habeas petition, and -- following an evidentiary hearing held on 18 February 2009 -- the state court stated that it planned to deny the petition. Hafez then filed his federal habeas corpus petition, pursuant to section 2254, on 8 April 2009. The district court dismissed the federal habeas petition as procedurally barred, concluding that Hafez failed to exhaust his administrative remedies because he had not applied for a certificate of probable cause ("CPC") from the Georgia Supreme Court.[1] We granted a certificate of appealability ("COA") as to the following issue:

> Whether Ga. Sup. Ct. R. 40, as amended, has any effect on this Court's holding in Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004), that a Georgia prisoner must file an application for a certificate of probable cause with the Georgia Supreme Court challenging the denial of his state habeas petition in order to exhaust his state remedies and thereby avoid a procedural default and, if so, whether the district court erred by finding that Hafez's claims were unexhausted.

---

[1]In doing so, the district court found that the state habeas corpus court issued a final order denying Hafez's petition on 18 February 2009, and the 30-day period for filing an application for a CPC expired on 20 March 2009.

On 22 September 2010 -- shortly before Hafez filed his opening brief in this appeal -- the state habeas court issued a final order denying his state habeas petition. Hafez filed a timely application for a CPC with the Georgia Supreme Court, which was denied.

"Although we will not decide any issue not specified in the COA, we will construe the issue specification in light of the pleadings and other parts of the record." Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998). We will read the COA to encompass procedural issues that must be resolved before we can reach the underlying claim. See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

The issue specified in the COA assumed that Hafez failed to file properly an application for a CPC with the Georgia Supreme Court. Thus, before we can address the underlying issue set forth in the COA, we must first determine whether

that assumption was correct -- and construe the COA to encompass that issue.[2]

See id.

We review a district court's denial of a habeas petition de novo, and its findings of fact for clear error. Nelson v. Schofeld, 371 F.3d 768, 769-70 (11th Cir. 2004). A finding is clearly erroneous when, considering all the evidence, we are "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 105 S.Ct. 1504, 1511 (1985).

Respondent concedes -- and the record shows -- that the district court clearly erred when it concluded that the state habeas court entered a final order denying Hafez's state habeas petition and that the time for filing an application for a CPC expired, before Hafez filed his section 2254 petition. We are convinced that a mistake has been committed, and we vacate and remand for additional proceedings.

VACATED AND REMANDED.

---

[2]On appeal, Hafez also argues that (1) he is not required to appeal the denial of his state habeas petition to exhaust his state remedies because Ga. Sup. Ct. R. 40 supersedes our decision in Pope; and, in the alternative (2) the state habeas court's extraordinary delay in issuing its final order constitutes good cause to excuse him from Pope's exhaustion requirements. He also contends that we should certify the following question to the Georgia Supreme Court: "Under Georgia law, is review by the Georgia Supreme Court following the denial of a state habeas petition an 'available' avenue of review for the purposes of determining whether a litigant has properly exhausted his state court remedies?" Because Hafez has filed a timely application for CPC with the Georgia Supreme Court and that application has been denied, these issues are dismissed as moot. See Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002).