# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2012

No. 11-20242

Lyle W. Cayce
Clerk

JUAN ALBERTO MENDOZA,

Petitioner–Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-446

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner–Appellant Juan Alberto Mendoza (Mendoza) appeals the district court's dismissal without prejudice of his habeas corpus application for failure to exhaust state court remedies. We granted a Certificate of Appealability (COA) to determine whether Mendoza's failure to exhaust state court remedies should be excused because Mendoza's petition had been pending in Texas state court for over five years.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20242

In 2003, Juan Alberto Mendoza was found guilty by a jury of murder and sentenced to life imprisonment. An intermediate Texas appellate court affirmed Mendoza's conviction, and his petition for discretionary review was denied by the Texas Court of Criminal Appeals (TCCA).[1] Mendoza then filed a postconviction application in state district court on December 19, 2005. This application remained pending until August 1, 2012, when the TCCA denied Mendoza's application.

While the state postconviction proceedings remained pending, Mendoza filed a pro se application on December 22, 2009, in federal district court pursuant to 18 U.S.C. § 2254 in which he argued that his counsel was ineffective for various reasons before and during his trial and for failing to move for a new trial. Mendoza asserted that he raised these claims in his state postconviction application and contended that in January 2006 the state postconviction judge had issued an order designating issues and ordering that the application not be forwarded to the TCCA. No further action was taken in state court, and his action remained suspended in the state trial court.

Mendoza also requested a protective stay and abeyance of his § 2254 application while his state postconviction application remained pending. He argued that the stay was needed because there were only three days left in the one-year limitations period for filing his § 2254 application once the state postconviction court finally rendered its decision.

Respondent filed a motion to dismiss the § 2254 application for failure to exhaust state court remedies. Respondent supported its contention that Mendoza had failed to exhaust his state court remedies with an affidavit from the TCCA stating that it had no record of the postconviction case described by Mendoza. However, Respondent also confirmed with the Harris County District

---

[1] *Mendoza v. State*, No. 01-03-00588-CR, 2004 WL 737509, at *2 (Tex. App.—Houston [1st Dist.] Mar. 18, 2004, pet ref'd).

No. 11-20242

Attorney's Office that Mendoza's state postconviction application had been pending in state court since December 2005, just as Mendoza had stated.

Mendoza filed a response reiterating the arguments raised in his memorandum in support of a stay and abeyance. Additionally, he argued at length that the state postconviction procedure was inadequate and ineffective to protect his habeas corpus rights due to the state's failure to resolve his state postconviction claims and that any return to the state postconviction court would be futile because there was no state time limit for forwarding a state postconviction application to the TCCA after issues had been designated.

The district court dismissed Mendoza's § 2254 application without prejudice for failure to exhaust state remedies. In doing so, the court determined that Mendoza's argument that he was entitled to stay and abate his case due to his fear that he would not have time to file his § 2254 application during the remaining three days of the limitations period after the TCCA rendered its decision did not constitute sufficient cause to stay Mendoza's § 2254 application. The district court also held that Mendoza did not request that his state court remedies be deemed exhausted due to the state postconviction court's time delay. Finally, the district court denied Mendoza a COA.

This court denied Mendoza a COA as to his argument that he was entitled to a stay of his § 2254 application. However, we granted a COA to determine whether exhaustion should be excused because Mendoza's state habeas application had been delayed for more than five years in the state trial court. On August 1, 2012, after we granted a COA on whether exhaustion should be excused, the TCCA denied Mendoza's state court postconviction application. It appears that the issues presented in Mendoza's state habeas application have now been exhausted, and therefore we do not reach the merits of whether delay in state court should excuse a failure to exhaust. Under these circumstances, the issue on which we granted a COA to review the district court's order of

3

No. 11-20242

dismissal appears to have become moot on appeal,[2] and the basis upon which the district court dismissed the habeas petition no longer obtains.

*    *    *

Accordingly, we VACATE the district court's dismissal based on a lack of exhaustion in state court, and REMAND for consideration of Mendoza's application in light of the recent state court action.

---

[2] *See Neal v. Cook*, 102 F.3d 550, 1996 WL 670534 (5th Cir. 1996) (per curiam) (unpublished table disposition); *Carter v. Vaughn*, 62 F.3d 591, 593 n.5 (3rd Cir. 1995); *Doescher v. Estelle*, 616 F.2d 205, 206 (5th Cir. 1980).