In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 21-1242

LAMONE LAUDERDALE-EL,

*Petitioner-Appellant*,

*v.*

INDIANA PAROLE BOARD,

*Respondent-Appellee*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:20-cv-00444-JPH-DLP — **James Patrick Hanlon**, *Judge*.

_____

SUBMITTED DECEMBER 22, 2021[*] — DECIDED MAY 23, 2022

_____

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges*.

_____

[*] We have agreed to decide this case without oral argument because
the briefs and record adequately present the facts and legal arguments,
and oral argument would not significantly aid the court. Fed. R. App. P.
34(a)(2)(C). We have also substituted the Indiana Parole Board as the
proper respondent because petitioner Lauderdale-El is currently on parole
under the board's supervision.

HAMILTON, *Circuit Judge*. While imprisoned in Indiana, La-mone Lauderdale-El petitioned for a writ of habeas corpus challenging the loss of good-time credits resulting from a prison disciplinary conviction. His petition asserts primarily that prison officials violated his due process rights in apply-ing an Indiana Department of Correction policy rescinding previously restored good-time credits. The district court con-cluded that petitioner could challenge the restoration policy in state court, so it dismissed the case without prejudice for failure to exhaust state-court remedies. See 28 U.S.C. § 2254(b)(1)(A). Petitioner Lauderdale-El has appealed. We agree with the district court that petitioner failed to exhaust available remedies, but first we must address two issues af-fecting our jurisdiction on appeal. In doing so, we follow a long line of cases holding that dismissal of a habeas corpus petition without prejudice for failure to exhaust state-court remedies is a final and appealable judgment, but we also need to overrule contrary holdings in two of our cases, *Gacho v. But-ler*, 792 F.3d 732 (7th Cir. 2015), and *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004).

I. *Appellate Jurisdiction*

The two questions affecting our jurisdiction to decide this appeal are whether petitioner's release from prison during this appeal makes the case moot and whether a dismissal of a habeas corpus petition without prejudice for failure to ex-haust available state remedies is an appealable final judg-ment.

A. *Mootness*

Respondent contends that petitioner's release from prison requires dismissal of the case as moot. We disagree because

petitioner is still on parole. A case becomes moot when a court can no longer grant any redress for the alleged wrong. *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). A challenge to a petitioner's custody becomes moot when custody ends and no collateral consequences remain. *Id*. Because parole is a form of custody, a case that could shorten a former prisoner's term of parole is not moot. *White v. Indiana Parole Board*, 266 F.3d 759, 762–63 (7th Cir. 2001).

This case is nearly identical to *White,* in which we held that a court could order the parole board to revise the end date of the petitioner's parole based on when he should have been released from prison with proper application of good-time credit. Under Indiana law, petitioner Lauderdale-El's parole will last two years or until his sentence expires, whichever is shorter. Ind. Code § 35-50-6-1(b). Currently, those times are the same; petitioner was released in March 2021 and is scheduled to remain on parole until March 2023. Petitioner contends that if his good-time credits had not been wrongly revoked, his earliest possible release date would have been at least three months sooner, in December 2020. If that were correct, his parole should end two years from that earlier release date. If petitioner prevailed in this case, the district court could order the parole board to release him from parole in December 2022, removing a legally meaningful form of custody. See *White,* 266 F.3d at 762–63. Three fewer months of parole would be meaningful relief, so the case is not moot.

B. *A Final Judgment*

The second jurisdictional issue is whether the district court's judgment dismissing the petition without prejudice for failure to exhaust state-court remedies is a final, appealable judgment under 28 U.S.C. § 1291. The district court's

dismissal of this petition for failure to exhaust state-court remedies certainly seems final as a practical matter: the district court is done with the case. Respondent argues, however, that the dismissal is not final because the petition was dismissed without prejudice, so petitioner can file a new petition asserting the same claim after exhausting state remedies (assuming he does not win relief from the state courts).

Respondent's position finds direct support in two cases, *Gacho v. Butler*, 792 F.3d 732 (7th Cir. 2015), and *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004). Both dismissed for lack of appellate jurisdiction appeals from district court decisions dismissing habeas corpus petitions without prejudice for failure to exhaust state remedies. A closer look at the issue shows, however, that *Gacho* and *Moore* are outliers. They are out of step with our practice in other habeas appeals, the practice of other circuits, and more general principles of appellate jurisdiction. As Judge Easterbrook pointed out in his concurrence in *Carter v. Buesgen*, 10 F.4th 715, 725 (7th Cir. 2021), *Gacho* and *Moore* continue to cause confusion and mischief, wasting the time of lawyers and judges. It's time to overrule their holdings on appellate jurisdiction.

To explain how the issue arises, the phrase "without prejudice" makes jurisdictional antennae twitch for appellate judges and other mavens of appellate jurisdiction. In a civil case, a dismissal "without prejudice" can often signal that the district court is not actually done with the case but is instead leaving an opportunity for a plaintiff or petitioner to cure a problem and to continue or revive the case in the district court. The most obvious example: a district court dismisses a complaint for failure to state a claim but allows the plaintiff to amend the complaint. In most cases, such an order is not a

final judgment even if the district court enters a Rule 58 judgment announcing dismissal without prejudice. See, e.g., *Furnace v. Board of Trustees of Southern Illinois University*, 218 F.3d 666, 669 (7th Cir. 2000) (recognizing that an order dismissing a complaint without prejudice generally "is not appealable because the plaintiff may file an amended complaint" (citation omitted)); see also *Reed v. Columbia St. Mary's Hospital*, 782 F.3d 331, 336 (7th Cir. 2015) ("We have emphasized that litigants may and should rely on the specific wording of a Rule 58 judgment to determine whether a judgment is final and appealable.").

Another scenario shows why appellate courts try to be vigilant about their jurisdiction when a dismissal says "without prejudice." Suppose a district court resolves the more important claim in a civil case on a motion to dismiss or for summary judgment, but leaves a less important claim pending for trial. Parties will sometimes try to manufacture an appealable final judgment by asking the district court to dismiss the remaining claim "without prejudice" and to enter a supposedly final judgment dismissing the more important claim with prejudice and the less important one without prejudice. We have held repeatedly that this tactic does not work to create an appealable final judgment. E.g., *West v. Louisville Gas & Electric Co.*, 920 F.3d 499, 504–05 (7th Cir. 2019) (collecting cases); *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003) ("What is true is that a litigant is not permitted to obtain an immediate appeal of an interlocutory order by the facile expedient of dismissing one of his claims without prejudice so that he can continue with the case after the appeal is decided.") (collecting more cases from this and other circuits).

Other kinds of dismissals without prejudice, however, signal clearly that the district court has finished with the case but is leaving open the possibility that the parties may pursue the dispute in another forum. Such judgments, typically based on a lack of subject-matter or personal jurisdiction or improper venue, are final for purposes of appeal. The rule in such cases is so well established that we rarely even comment on appellate jurisdiction. E.g., *Deb v. SIRVA, Inc.*, 832 F.3d 800, 803–04 (7th Cir. 2016) (vacating dismissal without prejudice for improper venue); *Milwaukee Concrete Studios, Ltd. v. Fjeld Manufacturing Co.*, 8 F.3d 441, 448 (7th Cir. 1993) (affirming dismissal without prejudice for improper venue). Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice, *Page v. Democratic Nat'l Committee*, 2 F.4th 630, 639 (7th Cir. 2021), and we routinely exercise jurisdiction over appeals from such dismissals. E.g., *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016). The same is true of dismissals for lack of personal jurisdiction. E.g., *Rogers v. City of Hobart*, 996 F.3d 812, 817 (7th Cir. 2021).

Similarly, the Prison Litigation Reform Act includes a rigorous requirement for exhaustion of administrative remedies, 42 U.S.C. § 1997e(a), and we have exercised jurisdiction over dismissals of such cases for failure to exhaust. E.g., *Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016) (dismissal without prejudice for failure to exhaust was final as practical matter and was reversed on merits of that defense); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); accord, e.g., *Ray v. Kertes*, 285 F.3d 287, 291 (3d Cir. 2002).

Returning from general principles and practices to the specific realm of habeas corpus and dismissals for failure to exhaust state-court remedies, the majority and concurring

opinions in *Carter* lay out the issue. 10 F.4th at 720–22 (majority); *id.* at 724–25 (Easterbrook, J., concurring in part). In *Carter* the petitioner's efforts to obtain state-court review of his conviction had been delayed for years through no fault of his own. The district court had dismissed Carter's federal habeas corpus petition without prejudice for failure to exhaust state remedies. We found that the dismissal was final and appealable, vacated on the exhaustion defense, and remanded to the district court. The majority distinguished *Gacho* and *Moore* on the ground that Carter had shown that further efforts in the state court would be futile. The majority held, in effect, that because Carter had shown error on the merits of the exhaustion issue, we had jurisdiction over his appeal.

Judge Easterbrook agreed with the result and portions of the majority opinion, but proposed a simple rule:

> [W]hen "without prejudice" means "I have not resolved the merits but this case is over nonetheless," then the decision is final; when it means "the problem can be fixed so that litigation may continue in this court," then the decision is not final. In our case the phrase "without prejudice" means "go litigate some more in Wisconsin." The judge contemplated that an adverse decision by the state's judiciary might justify more federal litigation, but *this* case is over, so Carter can appeal.

10 F.4th at 725 (Easterbrook, J., concurring in part). Judge Easterbrook urged that *Gacho* and *Moore* be overruled rather than distinguished, noting the awkwardness of having appellate jurisdiction depend on the merits of the underlying appeal, the confusion engendered by *Gacho* and *Moore*, and the

conflict between their rule and predominant approaches to appellate jurisdiction.

We agree that it is time to overrule the jurisdictional holdings of *Gacho* and *Moore*. In addition to the reasons laid out by Judge Easterbrook in his *Carter* concurrence, we offer a practical reason and the weight of contrary authority from both this court and other circuits.[1]

The practical reason becomes evident if we merely ask, "What if the district court was wrong in dismissing for failure to exhaust?" The defense of failure to exhaust state-court remedies can present difficult questions in kaleidoscopic variations on state-court procedures. District court decisions on the subject are not invariably correct. But if *Gacho* and *Moore* are correct and a dismissal without prejudice is not final and appealable, the petitioner faces a dead end. If the state courts are truly not open to him, for any reason, the district court's error becomes simply unreviewable. Even a blatantly unconstitutional conviction or sentence could not be tested at all under § 2254.

On the other hand, if dismissal without prejudice is deemed final and appealable, *but only if the dismissal was wrong*, then appellate jurisdiction depends on the merits of the appeal. That turns the logic of the appeal upside down. It also invites a reminder about Ockham's Razor. If the appellate court has jurisdiction to consider the merits of the appeal for the purpose of determining appellate jurisdiction, it is hard to

---

[1] Because this opinion overrules two precedents of this court, we have circulated this opinion to all active circuit judges pursuant to Circuit Rule 40(e). No active judge voted to hear this case en banc.

see what the extra layer of appellate jurisdiction analysis adds, other than confusion and extra work.

As for the weight of precedent in this and other circuits, we routinely treat dismissals of habeas corpus petitions for failure to exhaust state-court remedies as final and appealable, often without even mentioning the issue of appellate jurisdiction. The most compelling cases are those reversing such dismissals as erroneous. See *Harrison v. McBride*, 151 F.3d 1032, 1998 WL 516792 (7th Cir. 1998) (summarily reversing erroneous dismissal for failure to exhaust); *Gregory-Bey v. Hanks*, 91 F.3d 146, 1996 WL 394011 (7th Cir. 1996) (reversing erroneous dismissal without prejudice for failure to exhaust); *Handley v. Welborn*, 9 F.3d 112, 1993 WL 393127 (7th Cir. 1993) (reversing erroneous dismissal for failure to exhaust state-court remedies on one claim); *United States ex rel. Gray v. Director, Department of Corrections*, 721 F.2d 586 (7th Cir. 1983) (reversing erroneous dismissal for failure to exhaust and ordering that petition be granted); *United States ex rel. Burbank v. Warden, Illinois State Penitentiary*, 535 F.2d 361, 363 (7th Cir. 1976) (noting earlier appeal in case had reversed dismissal for failure to exhaust); *United States ex rel. Williams v. Brantley*, 502 F.2d 1383 (7th Cir. 1974) (reversing dismissal for failure to exhaust); see also *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996) (reversing dismissal for failure to exhaust after district court had erred by converting § 1983 case to habeas case). If *Gacho* and *Moore* were correct on appellate jurisdiction, then all of these cases would have to be deemed wrongly decided.

Also highly relevant, and far more numerous, are our routine affirmances on the merits of district court dismissals of habeas corpus petitions for failure to exhaust. E.g., *Monegain v. Carlton*, 576 F. App'x 598 (7th Cir. 2014); *Dupree v. Jones*, 281

F. App'x 559 (7th Cir. 2008); *Reid v. Sternes*, 59 F. App'x 880 (7th Cir. 2003); *Sceifers v. Trigg*, 46 F.3d 701 (7th Cir. 1995); *Wickstrom v. Schardt*, 798 F.2d 268 (7th Cir. 1986); *Williams v. Duckworth*, 724 F.2d 1439 (7th Cir. 1984) (district court erred in dismissing for failure to exhaust, but dismissal affirmed on the basis of waiver); *United States ex rel. Stewart v. Ragen*, 231 F.2d 312 (7th Cir. 1956) (district court denied petition for failure to exhaust; appeal dismissed on that ground). Again, if *Gacho* and *Moore* were correct, all such cases should have been dismissed for lack of appellate jurisdiction rather than decided on the merits.

Other circuits follow the course that we have, apart from *Gacho* and *Moore*, routinely treating dismissals of habeas corpus petitions for failure to exhaust as final, appealable judgments. See *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69 (1st Cir. 2002) (reversing dismissal without prejudice where state court claim was still pending); *Layne v. Gunter*, 559 F.2d 850 (1st Cir. 1977) (affirming dismissal without prejudice for failure to exhaust); *Wilbur v. Maine*, 421 F.2d 1327 (1st Cir. 1970) (reversing dismissal for failure to exhaust and ordering relief on merits); *Roberites v. Colly*, 546 F. App'x 17 (2d Cir. 2013) (affirming in part dismissal without prejudice for failure to exhaust); *Gerber v. Varano*, 512 F. App'x 131 (3d Cir. 2013) (vacating dismissal without prejudice for failure to exhaust); *Wright v. Cuyler*, 624 F.2d 455 (3d Cir. 1980) (where district court had erroneously treated prisoner's challenge to conditions of confinement as habeas petition and dismissed without prejudice for failure to exhaust, appellate court exercised jurisdiction, converted action to § 1983 action, and reversed and remanded); *Watson v. Lassiter*, No. 21-6351, 2022 WL 822168 (4th Cir. 2022) (denying certificate of appealability where habeas petition was dismissed without prejudice for

failure to exhaust); *Gilstrap v. Godwin*, 517 F.2d 52 (4th Cir. 1975) (affirming dismissal for failure to exhaust); *Mendoza v. Thaler*, 485 F. App'x 721 (5th Cir. 2012) (vacating dismissal without prejudice for failure to exhaust); *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000) (reviewing dismissal of petition without prejudice for failure to exhaust, but ordering dismissal with prejudice as time-barred); *Whitehead v. Johnson*, 157 F.3d 384 (5th Cir. 1998) (vacating in part dismissal without prejudice for failure to exhaust); *Resendez v. McKaskle*, 722 F.2d 227 (5th Cir. 1984) (reversing dismissal for failure to exhaust); *Manning v. Macauley*, No. 20-1567, 2020 WL 7346021 (6th Cir. 2020) (denying certificate of appealability where habeas petition was dismissed without prejudice for failure to exhaust); *Coleman v. Gidley*, No. 17-1130, 2017 WL 7370569 (6th Cir. 2017) (denying certificate of appealability where habeas petition was dismissed without prejudice for failure to exhaust); *Williams v. Marshall*, 770 F.2d 168, 1985 WL 13497 (6th Cir. 1985) (vacating dismissal for failure to exhaust); *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970) (reversing dismissal for failure to exhaust); *Kolocotronis v. Holcomb*, 925 F.2d 278 (8th Cir. 1991) (reversing dismissal without prejudice for failure to exhaust, and specifically rejecting challenge to finality for appellate jurisdiction); *Williams v. Lockhart*, 893 F.2d 191 (8th Cir. 1990) (reversing dismissal for failure to exhaust); *Farmer v. McDaniel*, 98 F.3d 1548, 1552–53 (9th Cir. 1996) (dismissal without prejudice for failure to exhaust was final judgment that state could appeal), abrogated on other grounds by *Slack v. McDaniel*, 529 U.S. 473 (2000); *Jackson v. Borg*, 992 F.2d 1219, 1993 WL 140594 (9th Cir. 1993) (vacating dismissal for failure to exhaust); *Harmon v. Ryan*, 959 F.2d 1457 (9th Cir. 1992) (vacating sua sponte dismissal for failure to exhaust); *Gray v. Gray*, 645 F. App'x 624 (10th Cir. 2016) (dismissal in part of some claims

without prejudice for failure to exhaust was final judgment that could be appealed); *Lamar v. Zavaras*, 430 F. App'x 718 (10th Cir. 2011) (denying certificate of appealability where habeas petition was dismissed without prejudice for failure to exhaust); *Doshier v. Oklahoma*, 67 F. App'x 499 (10th Cir. 2003) (denying certificate of appealability where habeas petition was dismissed without prejudice for failure to exhaust); *Claudio v. Secretary, Florida Department of Corrections*, 578 F. App'x 797 (11th Cir. 2014) (vacating sua sponte dismissal without prejudice for failure to exhaust); *Hafez v. Frazier*, 440 F. App'x 751 (11th Cir. 2011) (vacating dismissal for failure to exhaust); *Henry v. Department of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (vacating dismissal for failure to exhaust); *Thomas v. Georgia State Board of Pardons & Paroles*, 881 F.2d 1032 (11th Cir. 1989) (reversing in part dismissal for failure to exhaust where district court had erroneously converted § 1983 action to habeas petition); *Davis v. Dugger*, 829 F.2d 1513, 1521 (11th Cir. 1987) (in relevant part, reversing dismissal for failure to exhaust); *Streater v. Jackson*, 691 F.2d 1026 (D.C. Cir. 1982) (vacating dismissal of habeas petition for failure to exhaust).[2]

This long string-cite is just a sample. "[I]n countless cases a dismissal for failure to exhaust state judicial remedies (for

---

[2] We ordinarily would not cite non-precedential orders for such purposes, but in this area of the law, the proportion of non-precedential orders is high. The many orders add evidence to the view that *Gacho* and *Moore*'s approach to appellate jurisdiction is contrary to the overwhelming weight of decisions in the federal courts of appeals, including routine non-precedential decisions. One contrary case appears to be a recent non-precedential order from the Tenth Circuit, which followed *Gacho* and *Moore* to dismiss an appeal from a dismissal without prejudice for failure to exhaust state-court remedies. *St. George v. Roark*, No. 21-1391, 2022 WL 1132368 (10th Cir. 2022).

example, in a habeas corpus case) or administrative remedies (for example, in a prisoner civil rights suit) has been appealed as a final judgment." *Hill*, 352 F.3d at 1145; see also *id.* at 1144 ("The test for finality is not whether the suit is dismissed with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground such as failure to exhaust administrative remedies when exhaustion is not a jurisdictional requirement. The test is whether the district court has finished with the case."). The Federal Reporters, Federal Appendix, and on-line databases are full of hundreds if not thousands of appeals challenging dismissals of habeas petitions for failure to exhaust state-court remedies. If *Gacho* and *Moore* were correct, virtually all of those hundreds or thousands of appeals should have been dismissed for lack of appellate jurisdiction, and the many erroneous dismissals for failure to exhaust and occasional erroneous conversions of civil rights cases into habeas petitions would have defied appellate review.

For these reasons, we hold that the dismissal of Lauderdale-El's habeas corpus petition without prejudice for failure to exhaust state-court remedies is a final, appealable judgment. We have jurisdiction over this appeal. We overrule *Gacho* and *Moore* on this issue of appellate jurisdiction.[3]

---

[3] *Gacho* cited a few cases in a footnote to try to show that *Moore* was "not an outlier." 792 F.3d at 736 n.2. The only one involving failure to exhaust state-court remedies was *Stanley v. Chappell*, 764 F.3d 990 (9th Cir. 2014), but in that case, the district court had stayed and held in abeyance a habeas petition pending exhaustion of state remedies. That ruling showed that the district court contemplated further proceedings, meaning that the case was not over in the district court.

II. *Failure to Exhaust State Remedies*

We now turn to whether state-court remedies are available for Lauderdale-El that he failed to exhaust. The parties agree that he exhausted administrative remedies but did not pursue relief in state court.

Indiana courts ordinarily do not have jurisdiction to consider prison disciplinary cases, so prisoners must exhaust only administrative remedies before filing a federal habeas petition. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990); *Blanck v. Indiana Department of Correction*, 829 N.E.2d 505, 507–08 (Ind. 2005). Indiana courts have, however, heard other cases involving good-time credits—including challenges to the restoration policy at issue here. See *Young v. Indiana Department of Correction*, 22 N.E.3d 716, 718–19 (Ind. App. 2014) (rejecting challenge to restoration policy); see also *Young v. State*, 888 N.E.2d 1255, 1256–57 (Ind. 2008) (holding that claims for educational credit time may be pursued in post-conviction proceedings but affirming dismissal of petition on other grounds). We agree with the district court that these precedents authorize state-court review of the decision that petitioner challenges here.

If we had doubts on the question, they would be quieted by the views of the Indiana Attorney General, who tells us that state courts would hear Lauderdale-El's claim. These are not the words of just any litigant. They are the words of the official responsible for responding to every such claim made in the State of Indiana. We take the office's position to mean that if Lauderdale-El's claim or a similar one is brought in state court, the office will not challenge the court's jurisdiction to hear the claim. Accordingly, we agree with the district

court that Lauderdale-El failed to exhaust available state remedies before filing his habeas petition.

To sum up, we hold that the dismissal of Lauderdale-El's habeas corpus petition without prejudice for failure to exhaust state remedies is a final, appealable judgment, and we overrule the contrary jurisdictional holdings of *Gacho* and *Moore*. The appeal also is not moot. We also find, however, that Lauderdale-El could have pursued his good-time credit restoration claim in state court, so the judgment dismissing his petition without prejudice is AFFIRMED.