**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022[*]
Decided August 31, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1193

| | |
|---|---|
| FAIRLY W. EARLS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 20-cv-816-wmc |
| | |
| KARI BUSKE and JOY MERBACH, | William M. Conley, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Fairly Earls, a Wisconsin prisoner, sued two prison officials who he says are responsible for misclassifying his security status. He alleged that the officials incorrectly added an "escape history" notation in his prison file, causing him wrongly to remain in maximum-security custody. The district court screened and dismissed his amended

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

complaint, determining that it failed to state a claim. *See* 28 U.S.C. § 1915A. We affirm in part and vacate and remand in part.

Earls, who was incarcerated at Columbia Correctional Institution, a maximum-security facility, alleged that Kari Buske, an offender-classification specialist at a different prison, overrode the recommendation of Columbia's classification review committee to reduce his classification to medium security. He said that Buske erroneously added a notation to his file that he had an escape history and refused to modify his status. Earls alleged that Buske's supervisor, Joy Merbach, affirmed Buske's decision. He asserted that the erroneous notation deprived him of "more liberties" that are available in medium security. Earls was transferred to Jackson Correctional Institution, a medium-security prison, while this appeal was pending.

Earls sued, arguing that inserting the erroneous information into his prison file violated his rights under the Eighth and Fourteenth Amendments. He sought damages and injunctive relief. The district court screened Earls's initial complaint, explained why it failed to state a claim, and invited Earls to submit an amended complaint that remedied the deficiencies. But Earls's amended complaint still failed to state a claim under the Eighth Amendment because he did not allege facts suggesting that his maximum-security status deprived him of "the minimal civilized measure of life's necessities" or that the defendants acted with subjective culpability. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see Gillis v. Litscher*, 468 F.3d 488, 494 (7th Cir. 2006). Earls also failed to state a due-process claim because he had no liberty interest in his security classification. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). So, the court dismissed Earls's complaint.

We begin by noting that our jurisdiction is secure. Neither the order nor the judgment tell us whether the court dismissed Earls's complaint with prejudice. But the language of the order, and the court's imposition of a "strike" under 28 U.S.C. § 1915(g), assure us that the court was finished with the case. *See Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 575 (7th Cir. 2022). Earls has, therefore, appealed from a final judgment. *See Gleason v. Jansen*, 888 F.3d 847, 852 (7th Cir. 2018).

On appeal, Earls argues that he has a Fourteenth Amendment due-process right to have the escape notation expunged from his file so that he can be transferred to a medium-security prison. But after Earls filed his notice of appeal, he was transferred to a medium-security facility. Because he has already been transferred, and there is no indication that he is likely to be retransferred, this request for injunctive relief is moot.

*See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988).

Earls also seeks damages for the extra time he spent in the maximum-security facility. A prisoner has "a liberty interest in avoiding placement in more restrictive conditions, such as segregation, when those conditions pose an atypical and significant hardship when compared to the ordinary incidents of prison life." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Sandin v. Conner*, 515 U.S. 472, 483–85 (1995)). But Earls's time spent in the maximum-security prison was not so atypical or difficult that he had a liberty interest in his transfer to medium-security custody. Indeed, Earls alleges only generally that remaining at the maximum-security prison deprived him of "more liberties" that are available to prisoners in medium-security facilities. Earls points to several cases that he says support his claim for damages, *e.g.*, *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001), but they are inapplicable. Those cases concern changes in credit-earning class or opportunities for early release that impact the duration rather than the severity of custody. For state prisoners, claims along those lines must be raised under 28 U.S.C. § 2254, and, in any event, Earls has not alleged that his erroneous security classification lengthened his custody.

For completeness, we note that Earls has waived several arguments. He does not argue that the district court erred in its analysis of his Eighth Amendment claim. *See Rhodes*, 452 U.S. at 347. Nor does he challenge the court's decision to relinquish supplemental jurisdiction over his state-law negligence claims. *See Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). Finally, Earls does not challenge the court's decision declining to appoint counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc).

We AFFIRM the district court's judgment as to Earls's claim for damages. We VACATE its judgment as to Earls's request for injunctive and declaratory relief and REMAND with instructions to dismiss the claim as moot. *See Alvarez v. Smith*, 558 U.S. 87, 93–94 (2009); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950).