In the
United States Court of Appeals
For the Seventh Circuit

No. 24-1509

WILLIAM WALLS,

*Petitioner-Appellant*,

*v.*

ERIN POSEY, Manager of the Treatment and Detention Facility,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 4:23-cv-4012-SLD — **Sara Darrow**, *Chief Judge*.

ARGUED FEBRUARY 26, 2026 — DECIDED APRIL 6, 2026

Before EASTERBROOK, SCUDDER, and ST. EVE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. William Walls is in state custody following a court's conclusion that he is a sexually violent person. 725 ILCS 207/1 to 99. He seeks federal collateral review under 28 U.S.C. §2254, principally contending that his custody depends on constitutionally impermissible use of statements that he or a person treating him made while he was in prison. He lost in the district court for procedural reasons and must lose here for the same reasons.

The background is complex, but we strip away unnecessary detail. In 2015 a state court, following a trial, found that Walls was a sexually violent person who must be confined under state law. He immediately appealed *pro se*—though he was represented by counsel. His lawyer sought a new trial; the state judge denied that motion, and counsel then filed a notice of appeal. The state's appellate court dismissed Walls's *pro se* appeal after he failed to file a brief. Counsel's appeal lingered on the docket. In 2017 Walls filed a petition under §2254 challenging the 2015 decision, and he lost because he had defaulted in state court by not filing a brief or seeking review in the state's supreme court. The district judge apparently did not know that an appeal from the 2015 decision remained pending in state court; the dismissal was based on procedural default rather than failure to exhaust. Walls did not appeal the district judge's decision to this court.

Meanwhile, as the statute requires, 725 ILCS 207/55, the state's judiciary continued holding hearings to determine whether Walls remains sexually violent. After a trial judge found in 2018 that there was insufficient reason to doubt that Walls still qualified as sexually violent, he filed another notice of appeal. This at last prompted the state's appellate court to resolve counsel's appeal from the 2015 decision. In a single opinion covering the 2015 and 2018 decisions, the state's appellate court affirmed. *In re Commitment of Walls*, 2022 IL App (1st) 151075-U (Feb. 18, 2022). Walls then filed another petition under §2254, which the district judge dismissed as an unauthorized second collateral attack on the 2015 order. See 28 U.S.C. §2244(b)(1) (prohibiting repetition of a claim previously rejected), (b)(3) (requiring advance approval from the court of appeals and limiting the grounds on which approval may be given). With the aid of appointed counsel Walls has appealed from this decision.

If Walls is waging a successive contest to the 2015 commit-
ment order, dismissal was required. If he is contesting the
2018 order, he is entitled to a decision on the merits—for each
state decision imposing a period of custody may be contested
independently in federal court, whether or not the same fed-
eral objection was or could have been asserted against the ear-
lier decision. *Magwood v. Patterson*, 561 U.S. 320 (2010); *Martin
v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010). We think that Walls
is contesting the 2015 decision. Seeing this requires a brief ex-
planation of his principal legal theory.

In 1993 Walls was convicted of sexual assault of a minor.
While in prison for that crime, he participated in a treatment
program for sex offenders. As a condition of receiving bene-
fits, Walls had to admit to sexual misconduct. See *McKune v.
Lile*, 536 U.S. 24 (2002). (This is his contention; the state denies
his characterization of the program, and indeed it denies that
he participated. But we describe his contentions.) Illinois then
used some of Walls's statements, plus a diagnosis that he suf-
fers from a personality disorder, in the 2015 commitment pro-
ceeding. We shall assume that this is proper if the state's sex-
ually-violent-persons program is civil in nature but not if it is
criminal—for, if it is a criminal proceeding, then the Self-In-
crimination Clause of the Fifth Amendment limits the state's
ability to use evidence that was collected under compulsion
(which is how Walls describes events). See *Kansas v. Hendricks*,
521 U.S. 346, 369–71 (1997). But the Supreme Court of Illinois
has held that proceedings under the Sexually Violent Persons
Commitment Act are civil in nature, *In re Samuelson*, 189 Ill.
2d 548 (2000), as the Supreme Court of the United States held
about a parallel Illinois law, the Sexually Dangerous Persons
Commitment Act. *Illinois v. Allen*, 478 U.S. 364 (1986).

As far as we can see, however, statements that would not
be allowed in criminal litigation were not used against Walls

in 2018. Nor did Walls object during 2018, on federal grounds, to *any* aspect of that proceeding. The state's appellate court did not identify any federal issue raised or resolved in 2018, and in this court Walls does not contend that any federal issue was raised or resolved then. So if we understand Walls's current collateral attack to be contesting the 2018 adjudication, he loses on the twin grounds of default and failure to exhaust. To make any sense of the legal arguments that Walls now presents, we must understand them as directed against the 2015 decision. That takes us straight to §2244(b). A challenge to the 2015 decision order is an unauthorized successive collateral attack.

What would have happened if Walls had raised a federal argument in state court in 2018, then contested that decision under §2254, is hard to say. For he is no longer in custody under the 2018 decision. Illinois requires periodic reviews of custody under the Sexually Violent Persons Commitment Act, and the state has conducted annual reviews since 2018. Did it use potentially tainted evidence in any of them? Did Walls raise constitutional arguments in reply? Does the validity of a decision in 2019 or later depend on the validity of the 2015 or 2018 decision? He does not address this subject. A conclusion that something went wrong in 2015 or 2018 would not necessarily entitle Walls to release, so it is hard to see why he has confined his arguments to the decisions rendered in those two years. A challenge to the 2015 or 2018 decision on its own seems to be moot.

We appreciate that an annual cycle of review may be too short to allow a decision by a state trial court, appellate review within the state system (recall that the 2015 decision was not addressed on appeal until 2022), and disposition of a federal petition under §2254. Perhaps a court would say that any given annual decision is capable of repetition between the

same parties but evades review. See *Weinstein v. Bradford*, 423 U.S. 147 (1975). To take advantage of that doctrine, however, Walls must at least start with a challenge to a decision more recent than 2015 (for which §2244(b) blocks review) and must explain how that more recent decision was affected by evidence gathered or deployed in violation of the Self-Incrimination Clause. He has not tried to do that, so like the district court we do not address the substance of his constitutional argument.

Before closing, we offer some thoughts about the delay that Walls has experienced. The custodial term for his criminal conviction ended in 2003. That year state officials filed a petition for detention under the Sexually Violent Persons Commitment Act and kept him in custody pending a decision. The petition was not resolved until 2015—an extraordinary 12 years while Walls remained in custody without an adjudication. After a trial court entered a commitment order in 2015, it took another seven years for the appellate court to resolve the appeal filed by his lawyer. For four years the court did not appoint counsel or set deadlines. The 2015 appeal lay dormant until Walls appealed from the 2018 decision, which prompted the court (after still another year of delay) to consolidate the appeals and appoint a new lawyer. Another three years' delay lay in store before that consolidated appeal was resolved. From Walls's scheduled release in 2003 until the appellate decision in 2022, *nineteen years* elapsed.

Walls was a difficult client, no doubt. He fired several lawyers before the 2015 hearing, and others withdrew. Occasionally he refused to be transported to court. He bypassed his lawyers to file papers, including the original appeal, despite the norm that represented litigants must proceed through counsel. Yet many persons who are subject to proceedings under the Sexually Violent Persons Commitment Act are

mentally disturbed, and the state's judiciary must have means of coping with them that do not produce generation-long waits. Walls has been in custody for 33 years following a crime that led to a 15-year criminal sentence (only 10 of which were supposed to be custodial). He does not contend that this delay in resolving his objections independently violates the Constitution, but surely the State of Illinois can do better by the people it holds in custody. "[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425–26 (1979). See also *Jackson v. Indiana*, 406 U.S. 715, 738 (1972).

In *Carter v. Buesgen*, 10 F.4th 715, 722–23 (7th Cir. 2021), this court excoriated the State of Wisconsin for a four-year delay in resolving a criminal appeal. The appellate delay in Walls's case was seven years, on top of a twelve-year pretrial delay. *Carter* observed that 28 U.S.C. §2254(b)(1)(B)(ii) permits a person in state custody to bypass the state judiciary, and obtain federal review, when it appears that the state's remedial processes are ineffective. *Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572, 575–80 (7th Cir. 2022), adds that a prisoner is entitled to immediate appellate review if a district judge declines to act on the ground that state remedies have not been exhausted. Such an appeal can present arguments under §2254(b)(1)(B)(ii). Both state officials and the private bar should keep this in mind when they encounter delays of the sort that have afflicted the proceedings against Walls.

AFFIRMED