**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2608
_____

RONALD SATISH EMRIT, Presidential Candidate Number P60005535, Presidential
Committee/Political Action Committee/Separate Segregated Fund (SSF) Number
C00569897 doing business as United Emrits of America,

Appellant

v.

PRINCE GEORGE'S COUNTY POLICE DEPARTMENT; STATE ATTORNEY'S
OFFICE OF PRINCE GEORGE'S COUNTY; PRINCE GEORGE'S COUNTY SOCIAL
SERVICES; PRINCE GEORGE'S COUNTY DISTRICT COURT; PRINCE
GEORGE'S COUNTY CIRCUIT COURT; MARYLAND SUPREME COURT;
APPELLATE COURT OF MARYLAND; MARYLAND STATE BAR ASSOCIATION
(MSBA); MAHASIN EL AMIN, Prince George's County Clerk of the Court; JOSHUA
SMITH; RACHEL DOMBROWSKI, Clerk of the Court; MARYLAND STATE
POLICE DEPARTMENT; BOWIE POLICE DEPARTMENT; BOWIE STATE
UNIVERSITY POLICE DEPARTMENT; KELLY HAYES, United States Attorney's
Office of Maryland; MAYOR TIM ADAMS, of Bowie, Maryland

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00249)
District Judge: Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed April 7, 2026)
_____

_____

PER CURIAM

   Pro se Appellant Ronald Satish Emrit appeals the District Court's dismissal of his complaint. We will affirm.

   Emrit lodged a complaint in the United States District Court for the Western District of Pennsylvania against numerous defendants, all of whom were alleged to be situated in Maryland. The District Court granted Emrit's request to proceed in forma pauperis ("IFP") and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court acknowledged that Emrit was pursuing an identical action in the District of Maryland,[1] and it determined that the Western District of Pennsylvania was an improper venue. The District Court considered whether the interests of justice warranted transferring the complaint pursuant to 28 U.S.C. § 1406(a). It determined that, because a duplicate action was already pending in the District of Maryland, dismissal was appropriate. Thus, the District Court dismissed Emrit's complaint without prejudice to his pursuit of the identical action in the District of Maryland. Emrit timely appealed.

   We have jurisdiction under 28 U.S.C. § 1291. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 45 (2020); *Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022). Ordinarily, district courts should not dismiss IFP complaints sua

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] *See Presidential Candidate No. P60005535 v. Prince George's Cnty. Police Dep't*, D. Md. Civ. No. 8:25-cv-02569 (Aug. 4, 2025).

sponte for improper venue. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (stressing that "28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue"); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam). Nevertheless, any error here by the District Court was harmless. *See Buchanan v. Manley*, 145 F.3d 386, 388 (D.C. Cir. 1998) (per curiam) (applying harmless error to improper sua sponte dismissal for lack of venue). It is apparent from Emrit's complaint that there is no conceivable basis for venue in the Western District of Pennsylvania. Emrit did not allege that any of the defendants reside there, and the complaint's allegations are in no way related to that District. *See* 28 U.S.C. § 1391(b) (providing, in relevant part, that venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred").

Moreover, Emrit's appellate brief does not meaningfully dispute the District Court's venue determination.[2] Instead, Emrit argues that the District Court should have transferred his action, instead of dismissing it. Because Emrit was already pursuing the same action in Maryland, we will not disturb the District Court's determination that dismissal of the action in the Western District of Pennsylvania, without prejudice to pursuing the action in Maryland, was appropriate. *See Naartex Consulting Corp. v. Watt*,

---

[2] Emrit merely declares, without any supporting facts, that the District Court has both personal jurisdiction and subject matter jurisdiction over all the defendants.

3

722 F.2d 779, 789 (D.C. Cir. 1983) ("The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court."); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

Accordingly, we will affirm the District Court's judgment. To the extent that Emrit seeks other relief on appeal, it is denied.